NOT DESIGNATED FOR PUBLICATION

Nos. 122,464
122,465
122,466
122,467

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KHALIL MALIK VANEVER BAUGH,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; TRISH ROSE, judge. Opinion filed August 13, 2021. Conviction reversed, sentences vacated, and case remanded with directions.

*Corrine E. Gunning*, of Kansas Appellate Defender Office, for appellant.

*Kimberly A. Rodebaugh*, senior assistant district attorney, *Thomas R. Stanton*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., ATCHESON and HURST, JJ.

PER CURIAM:  In this consolidated appeal, Khalil Malik Vanever Baugh appeals from the revocation of his probation in three cases and the imposition of sentence in another case. In November 2019, Baugh entered a guilty plea in Reno County case No. 19CR757 to charges of forgery and theft, acknowledging that the conviction constituted a probation violation in three prior cases. Baugh argues the district court failed to inquire into a potential conflict with his court-appointed attorney raised at a joint sentencing and

probation violation disposition hearing, and the court failed to consider his financial resources when determining the method of payment of his fine. After reviewing the issues presented, we reverse Baugh's conviction, vacate his sentence, set aside his probation revocation, and remand for further proceedings.

FACTUAL AND PROCEDURAL HISTORY

In October 2017, Baugh entered a plea agreement that encompassed several Reno County felony cases (2017 cases). Baugh agreed to plead guilty to:

- one count of possession of oxycodone, in case No. 17CR275 (Case 1);
- two counts of interference with a law enforcement officer, in case No. 17CR689 (Case 2); and
- three counts of forgery, in case No. 17CR877 (Case 3).

In exchange for the plea, the parties agreed that Baugh would serve the remainder of his time on a previous case and the State would dismiss a fourth pending case, neither of which are the subject of this appeal. The State also agreed to recommend Baugh be placed on probation in all three cases and to recommend the mid-number in the appropriate grid box for the underlying sentences to run consecutively.

At sentencing in December 2017, the district court followed the plea agreement and imposed sentences of 30 months' imprisonment in Case 1, 18 months' imprisonment in Case 2, and 18 months' imprisonment in Case 3, running the sentences consecutively for a total controlling sentence of 66 months. For each case, the court made border box findings to grant Baugh probation for 18 months.

Over the next 15 months, Baugh stipulated to committing technical probation violations several times and the district court imposed sanctions for the violations, each

time reinstating probation for 18 months upon release. Between January and May 2018, he served several three-day jail sanctions. In June 2018, the court imposed a 30-day jail sanction. In October 2018 and March 2019, the district court imposed 60-day jail sanctions.

In September 2019, the State moved again to revoke Baugh's probation, alleging he had failed to report to his intensive supervision officer multiple times, used alcohol and cocaine, and failed to report for drug and alcohol abuse programs. A month later, the State amended the motion to include additional violations for engaging in illegal activity. In particular, the State had charged Baugh with one count of forgery and one count of theft by deception, value less than $1,500, in case No. 19CR757 (Case 4). These charges stemmed from allegations by Baugh's grandfather that Baugh stole a personal check, then forged his signature to cash the check for $1,000 at a bank. These allegations involved the same victim and essentially the same conduct leading to his previous forgery convictions in Case 3.

In November 2019, Baugh agreed to plead guilty to both counts in Case 4, acknowledging that the plea would be an admission to violating his probation in all three 2017 cases. In exchange for the plea, the parties agreed to recommend the standard number in the grid box and a manifest injustice finding under K.S.A. 2019 Supp. 21-6819(a) to allow the case to run concurrent with his 2017 cases. The district court accepted the plea and Baugh's stipulation at a joint hearing. The court then agreed to handle sentencing in Case 4 and probation disposition in Cases 1, 2, and 3 at a joint hearing the following month.

At the start of the December 2019 hearing, Baugh's defense counsel—Christine Jones—explained that Baugh indicated he was not happy with the plea agreement. Jones stated, "I don't know where we need to go from there." The district court responded by asking the prosecutor if she was "prepared to proceed," to which the prosecutor

3

responded in the affirmative. Jones then stated Baugh was "requesting the opportunity to withdraw his plea," but she "informed him that that is something [she] cannot do for him and he needs alternate counsel appointed for that." The court responded:

> "Well, at this late date we're proceeding. This is the day set for sentencing. And, Mr. Baugh, at anytime you have had the right to hire your own counsel if you wished. Ms. Jones has represented you and you entered a plea back on November 1, and we're ready for sentencing."

The district court then asked for any objections to Baugh's criminal history score. Jones agreed with the score, but stated, "I just want to note that there are entirely different burdens for withdrawing a plea before and after a sentencing, so this is very much over our objection, Your Honor." The court asked if the State objected to the criminal history score—which it did not—and what sentence the State was recommending. The State recommended the court follow the plea agreement by imposing the midrange sentence in the grid box and running the sentence concurrent to the sentence from the three 2017 cases. Jones responded:

> "Um, I don't know what to say, Your Honor. I'm in a position of either arguing against my client or arguing against the plea agreement. I don't really feel like I can do either. I guess I would at minimum ask you find the manifest injustice findings agreed to on [Case 4] and run those concurrently. I feel like that's all I can really say without messing up somewhere."

When the district court gave Baugh a chance to speak, he admitted that "a lot of allegations they have claimed [were] true." He explained that he continued using drugs despite serving the previous sanctions and engaging in treatment. Baugh asked the court for a chance to complete drug court or serve a 90-day sanction. He also explained that child support and other expenses kept him from paying his fines, and that he believed he

4

would succeed if given a chance at drug court, as "[he had] given up on trying to juggle being a father and a drug addict."

After Baugh spoke, the district court gave the attorneys a chance to make additional statements. Jones explained the possibility of drug court was discussed during plea negotiations but that "they had considered him and found him not appropriate for the program." The State explained that Jones might be "in an uncomfortable position" because "[d]efense is making argument that is in violation of the plea agreement." The State asserted that if the court allowed Baugh to withdraw his plea, the State would ask the court not to make a manifest injustice finding and to run the sentence consecutive to the three 2017 cases. The State explained that because of the prior cases and Baugh's history, not following the plea agreement would be "patently unfair."

The district court sentenced Baugh according to the plea agreement, imposing an 18-month sentence for the forgery and a 12-month sentence for the theft by deception. The court also revoked his probation and ordered him to serve the underlying terms of those sentences. The court ran the sentences concurrent with each other and the sentences in the three 2017 cases. The court also imposed a $1,000 fine on the forgery charge.

Baugh timely appealed.

ANALYSIS

*The district court erred in failing to inquire about a potential conflict between Baugh and his attorney.*

Baugh argues the district court erred when it failed to inquire about a potential conflict between Baugh and Jones that arose at the sentencing and probation disposition hearing. Baugh asks this court to presume an actual conflict existed based on the record

5

and remand with directions to appoint new counsel to represent Baugh on a motion to withdraw his plea. In the alternative, Baugh requests a remand for the district court to determine whether an actual conflict existed.

The State concedes the district court erred by failing to inquire into a potential conflict but disagrees on the appropriate remedy. The State suggests this court should remand for a determination of whether a conflict existed, and if so, whether that conflict affected counsel's performance.

This court reviews whether the district court adequately discharged its duty to inquire into a potential conflict with court-appointed counsel for an abuse of discretion. See *State v. McDaniel*, 306 Kan. 595, 606, 395 P.3d 429 (2017). A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Ingham,* 308 Kan. 1466, 1469, 430 P.3d 931 (2018). As the party asserting error, Baugh bears the burden of showing such abuse of discretion. *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

The district court is tasked with ensuring a defendant's Sixth Amendment right to counsel is honored. *State v. Vann*, 280 Kan. 782, 789, 127 P.3d 307 (2006) (citing *State v. Taylor*, 266 Kan. 967, 975, 975 P.2d 1196 [1999]). In *Vann*, our court held that "'[w]here a trial court becomes aware of a possible conflict of interest between an attorney and a defendant charged with a felony, the court has a duty to inquire further.'" 280 Kan. at 789 (quoting *Taylor*, 266 Kan. at 979). Failure to inquire into a potential conflict of interest is an abuse of discretion. *Vann*, 280 Kan. at 789; see also *State v. Pfannenstiel*, 302 Kan. 747, 761, 357 P.3d 877 (2015) (noting abuse of discretion can also occur when court investigates but fails to conduct an appropriate inquiry, or when court conducts appropriate inquiry but fails to appoint substitute counsel).

Here, the district court did little to ensure Baugh's right to counsel was honored. At the start of the sentencing and probation disposition hearing, Jones advised that Baugh wished to pursue a motion to withdraw his plea and that she would be unable to file the motion for him. Rather than ask Jones to explain why she could no longer represent Baugh, the court stated the case was set for sentencing and admonished Baugh that he could have hired his own counsel at any point. The court proceeded with sentencing, despite Jones' objections and obvious reluctance to argue against her client's wishes. The State even noted at one point that Jones was "in an uncomfortable position" and indicated what its argument would be if the court allowed Baugh to withdraw his plea. The State concedes that the trial court erred.

To be clear, whether Baugh has a right to have his plea set aside remains an open question because he did not receive the opportunity to pursue that motion. But we agree with both parties that the district court effectively denied Baugh his right to counsel to assist in filing a motion to withdraw his plea. The appropriate remedy is to vacate Baugh's convictions and sentences in Case 4 and remand for further proceedings with new court-appointed counsel. From there, the district court must determine whether Baugh has shown good cause under the established legal framework for a presentence plea withdrawal. See K.S.A. 2020 Supp. 22-3210(d)(1); *State v. Frazier*, 311 Kan. 378, 381, 461 P.3d 43 (2020) (setting forth list of three nonexclusive *Edgar* factors to consider on presentence plea withdrawal motion).

In addition, Baugh also asks this court to vacate the revocation of his probation in the 2017 cases. Because the district judge found that the revocation of his probation was based only on his plea and conviction to Case 4, we find that the revocation of his probation must also be vacated, and the case remanded under the same terms as related to Case 4.

7

Accordingly, we vacate Baugh's convictions and sentences on Case 4 and vacate the revocation of his probation on Cases 1, 2, and 3. We remand with directions to allow Baugh the chance to present a motion to withdraw his plea with the assistance of conflict-free counsel.

*We need not consider the issue of Baugh's mandatory fine.*

Baugh next argues the district court erred by failing to consider his financial resources when determining the appropriate *method* of payment for a mandatory fine. Although he acknowledges the court was required to impose a fine of "'the lesser amount of the amount of the forged instrument or $2,500'" for this third or subsequent forgery conviction, he asserts the court retained jurisdiction to authorize payment of the fine in installments or by performing community service under K.S.A. 2020 Supp. 21-6604(q).

As a preliminary matter, Baugh concedes he is raising this issue for the first time on appeal. Issues not raised before the district court generally cannot be raised on appeal. See *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014). But Baugh correctly invokes a recognized exception to this general rule. As he notes, this court can reach an issue not raised below for the first time on appeal when it involves a question of law arising on proved or admitted facts and would be finally determinative of the case. See *State v. Johnson*, 309 Kan. 992, 995, 441 P.3d 1036 (2019).

That said, the Kansas Supreme Court has recognized that the assertion of an exception to the issue preservation rule does not require an appellate court to exercise discretion to review the issue. *State v. Parry*, 305 Kan. 1189, 1192, 390 P.3d 879 (2017). We decline to address the issue. Since we are vacating Baugh's convictions and attendant sentences in Case 4, that would include vacating the fine imposed for his forgery conviction. Baugh remains free to challenge the method of payment at such time, if any, he is sentenced on these matters. See K.S.A. 2020 Supp. 21-6604(q) (in imposing a fine,

8

the court may authorize payment in installments or community service). So we see no need to address that issue here.

We reverse the conviction on Case 4, vacate the probation revocation on Cases 1, 2, and 3, and remand for a hearing with new conflict-free counsel as outlined above.

Conviction reversed, sentences vacated, and case remanded with directions.