NOT DESIGNATED FOR PUBLICATION

No. 123,501

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BRADON L. WATTS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Mitchell District Court; KIM W. CUDNEY, judge. Opinion filed December 23, 2021. Affirmed.

*Charles C. Lindberg*, of Allen & Associates Law, LLC, of Minneapolis, for appellant.

*Michael R. Serra*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before GREEN, P.J., ISHERWOOD, J., and PATRICK D. MCANANY, S.J.

PER CURIAM: Bradon L. Watts appeals the district court's summary denial of his presentence motion to withdraw his no-contest plea to misdemeanor charges of mistreatment of an elderly person and criminal deprivation of property. Watts argues the district court erred by imposing a sentence even after he expressed a desire to withdraw his plea at sentencing. Based on a review of the issues presented, we reach the opposite conclusion. The district court's denial of Watts' presentence request to withdraw his plea is affirmed.

1

FACTUAL AND PROCEDURAL BACKGROUND

On May 5, 2020, Bradon Watts visited his grandmother at her home in Beloit and asked for a ride to Concordia. She refused to take him because it was close to midnight, and she was tired. Watts asked to use the bathroom and seized the opportunity to steal the keys to his grandmother's van. When his grandmother awoke the next day and noticed the van missing, she reported it stolen. Law enforcement officers ultimately apprehended and arrested Watts. The State charged him with one count each of aggravated burglary, a severity level 4 person felony, in violation of K.S.A. 2019 Supp. 21-5807(b); mistreatment of an elderly person, a severity level 7 person felony, in violation of K.S.A. 2019 Supp. 21-5417(a)(2)(A); and theft, a severity level 9 nonperson felony, in violation of K.S.A. 2019 Supp. 21-5801(a)(1).

Following the preliminary hearing, the State amended Count II to a class A person misdemeanor and Count III to criminal deprivation of property, a class A nonperson misdemeanor, in violation of K.S.A. 2019 Supp. 21-5803(b)(1)(A). Watts ultimately agreed to enter a no-contest plea to the reduced charges and the State dismissed the aggravated burglary charge. The plea agreement did not contain any sentencing recommendations. The district court accepted Watts' plea the same day he completed the paperwork. The court found the plea to have been freely, knowingly, intelligently, and voluntarily entered with an understanding of the consequences thereof. Watts' sentencing was scheduled to occur the following month.

The court services officer filed a presentence investigation report (PSI) and recommended that probation be denied with a 12-month jail sentence imposed for each conviction. The report also included an alternative recommendation for 12 months' probation under the supervision of court services.

The district court conducted Watts' sentencing hearing by video conference because of the Covid-19 pandemic. At the start of the hearing, the court asked Watts if he consented to appearing remotely. Watts did not respond and instead voiced a concern he had with the PSI. He believed that it still included the felony charge in Count I which was dismissed under the plea agreement. Defense counsel sought to clarify the issue for Watts and Watts remarked, "Right. And—I'm not going to do any jail time, am I?" Defense counsel informed him "that's entirely up to the judge," but commented that the PSI included a recommendation for a 12-month probation period should the court select such a disposition.

The district court again inquired if Watts was waiving his rights to be physically present in the court room, to which Watts replied, "Yes, Your Honor." Watts then asked to speak privately with his attorney because he allegedly had "not been able to talk to her at all for months." The court agreed and recessed while Watts conferred with his counsel. Following the recess, the court inquired if Watts and his counsel were ready to proceed with sentencing. Defense counsel informed the court that during their discussion of issues related to probation and jail conditions, Watts also expressed a desire to withdraw his plea. Counsel then inquired of Watts how he wanted to proceed. Watts aired his complaints about the guards at the jail and requested to serve any sentence imposed in the Cloud County Jail in Concordia.

The district court advised Watts the case was set for sentencing, not to engage in discussions regarding jail conditions. It asked whether Watts wished to withdraw his plea and Watts replied, "Uh, no, Your Honor. I do not wish to." The court then asked if Watts believed he had sufficient time to discuss sentencing with his attorney and Watts responded in the affirmative. The court then inquired whether Watts had anything further to ask his attorney and Watts replied he did not.

3

The district court proceeded to sentencing and asked whether Watts wished to make a statement or present any mitigating evidence. Watts explained that if the court granted probation, he intended to leave Beloit to pursue a software engineering degree at Kansas State University. Defense counsel asked the court to grant probation and impose the standard underlying sentence for each conviction, running them concurrently. The State recommended the court impose one year in jail on both counts and run them concurrently as a jail term would offer the best measure of protection for the victim.

The district court asked if there was any legal reason sentence should not be pronounced and imposed, to which Watts responded, "Well, can I give a reason?" He then stated, "I'm not a threat to society. I never hurt my grandma. . . . I do want to withdraw my case. Um, this doesn't make sense to me. Um, I want to keep fighting it. I have substantial evidence. I want to take a lie detector test." Following Watts' remarks the court sentenced him to serve 12 months in jail on each count, with the counts to run concurrent with each other and consecutive to two prior cases. Watts wanted to know whether he could "take [his] plea back?"—to which the court simply responded, "Mr. Watts, you need to listen right now. The court is issuing the sentence." The judge concluded by stating she followed the PSI recommendation as to length of sentence, fees and costs, and jail time credit.

Watts timely appealed.

ANALYSIS

DID THE DISTRICT COURT ABUSE ITS DISCRETION WHEN IT PROCEEDED TO SENTENCING DESPITE THE FACT WATTS EXPRESSED A DESIRE TO WITHDRAW HIS PLEA?

Watts argues on appeal that the district court erred in denying his request to withdraw his plea without inquiring further whether he had good cause to do so. The

4

State responds that Watts' "last minute change of heart" did not require further inquiry, let alone establish good cause to withdraw his plea before sentencing.

There is disagreement between the parties over whether the district court's denial of Watts' presentence motion to withdraw his plea should be reviewed for an abuse of discretion or whether it is subject to a de novo standard of review. Watts contends that because his motion was summarily denied, this court exercises de novo review "because it has the same access to the motion, records and files as the district court, and it determines whether the motion, records, and files conclusively show that the defendant is entitled to no relief." He cites *State v. Fritz*, 299 Kan. 153, 154, 321 P.3d 763 (2014), as authority for his position. The State, however, asserts that we should review this issue for an abuse of discretion. It acknowledges application of the de novo standard, but notes that "the most recent published Kansas case law does appear to limit de novo review to summary denial of postsentence motions to withdraw plea," and, for that proposition, directs us to *State v. Chesbro*, 35 Kan. App. 2d 662, Syl. ¶ 10, 134 P.3d 1 (2006) ("The K.S.A. 60-1507 procedures governing hearings should apply to motions to withdraw a guilty plea filed after imposition of sentence. . . . A hearing on a motion to withdraw a plea of guilty or nolo contendere is limited to those instances in which the defendant's motion raises substantial issues of fact or law and should be denied when the files and records conclusively show that the defendant is entitled to no relief.").

K.S.A. 2020 Supp. 22-3210(d), the statutory provision governing plea withdrawals, specifically states:

> "(d)(1) A plea of guilty or nolo contendere, for good cause shown and *within the discretion of the court*, may be withdrawn at any time before sentence is adjudged.
>
> (2) To correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw the plea." (Emphasis added.)

5

Whenever possible, we are to discern the meaning of a statute based on its plain language. *State v. Pattillo*, 311 Kan. 995, 1004, 469 P.3d 1250 (2020). The language of the provision clearly states that whether to allow withdrawal of one's plea is a decision that lies within the discretion of the district court. It follows, then, that on appeal we review that decision for an abuse of discretion. A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). As the party asserting error, Watts bears the burden of showing such abuse of discretion. See *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

When determining whether a defendant has shown good cause to withdraw their plea, a district court generally looks to the following three factors from *State v. Edgar*, 281 Kan. 30, 36, 127 P.3d 986 (2006): (1) whether the defendant was represented by competent counsel; (2) whether the defendant was misled, coerced, mistreated, or unfairly taken advantage of; and (3) whether the plea was fairly and understandingly made. *State v. Frazier*, 311 Kan. 378, 381, 461 P.3d 43 (2020). These factors should not be applied mechanically or to the exclusion of other factors, but they establish "'viable benchmarks'" for the district court when exercising its discretion. The district court should not ignore other facts that might exist in a particular case. *State v. Schaefer*, 305 Kan. 581, 588, 385 P.3d 918 (2016).

Watts essentially argues that the district court failed to conduct a meaningful inquiry into his reason for wanting to withdraw his plea after he made multiple requests to set his plea aside. He contends that the record reveals he was unclear about the terms of the plea agreement, did not understand the nature of the sentencing hearing, and expressed an inability to contact his counsel.

Turning to the *Edgar* factors, we first analyze whether Watts was represented by competent counsel. The State asserts that Watts only "implicitly" alleges his counsel was

6

incompetent based on a lack of communication by suggesting the two had not spoken with one another in "months." The record shows that Watts entered the plea agreement on September 3, 2020, and the district court held a plea hearing the same day. The next scheduled hearing was sentencing on October 14. Thus, the record fails to support Watts' assertion that he had not spoken with his attorney in "months."

In addition, in the tender of plea itself, Watts agreed that his defense counsel represented him "to [his] satisfaction," and that she adequately advised him of the charges and consequences of entering the plea. Defense counsel also signed a certification attesting to the facts that she read and explained the charges and possible sentences to Watts and discussed the contents of the plea agreement with him.

Finally, at the sentencing hearing, the district court allowed Watts to speak with his attorney multiple times. After a recess at the start of the hearing, Watts confirmed that he had sufficient time to discuss sentencing with his attorney and declined that he had any other questions for her. The record also reflects that defense counsel clarified Watts' confusion over the PSI, assured him he had not plead guilty to a felony as originally charged, and correctly advised him that sentencing was ultimately the judge's decision. Put simply, Watts fails to point to compelling evidence that establishes his counsel was not competent as required to support a good cause finding under this factor.

The second *Edgar* factor requires us to consider whether Watts was misled, coerced, mistreated, or unfairly taken advantage of. Watts failed to advance a substantive argument on this issue. A point raised incidentally in a brief and not argued therein is properly seen as abandoned. *State v. Lowery*, 308 Kan. 1183, 1231, 427 P.3d 865 (2018). As a result, this factor likewise weighs against a finding of good cause to allow Watts to withdraw his plea.

7

Under the final *Edgar* factor, we analyze whether the record supports a finding that Watts' plea was fairly and understandingly made. Watts simply asserts that the transcripts reflect he did not understand what charges he was pleading to, nor did he appreciate the consequences of entering his plea. As support for that contention, he directs our attention to his confusion about whether he was pleading to a felony. This claim is first refuted by the plea paperwork to which Watts affixed his signature and thereby assured the court that he was fully informed of the charges and the consequences attendant to his decision to enter a plea. Additionally, during the sentencing proceeding, defense counsel immediately addressed and clarified any lingering confusion Watts harbored over whether he pleaded guilty to a felony offense. The record before us reflects that the court inquired of Watts whether he wanted to withdraw his plea after counsel advised that Watts expressed a desire for the same. Watts unequivocally responded with a negative reply. As the hearing proceeded and the actual imposition of sentence drew near, Watts inquired into the possibility of "tak[ing] . . . back" his plea. The nature of that question is best described as emanating from buyer's remorse. A defendant's hindsight determination a plea was not the best course of action, without more, is not sufficient good cause. See *State v. Schow*, 287 Kan. 529, 542, 197 P.3d 825 (2008).

In essence, Watt's plea to us is to step into the shoes of the district court judge and reassess the proceedings with fresh eyes. That is generally not a function of appellate courts. See *Schaefer*, 305 Kan. at 595. The record fails to substantiate Watts' argument that an analysis under the first and third *Edgar* factors illustrates error on the part of the district court. Accordingly, we find the district court properly exercised its discretion when it denied Watts' request to withdraw his plea.

As a final point, it bears mentioning that in the "Statement of the Issues" section of Watt's brief, he included a challenge to the district court's imposition of a one-year jail sentence instead of probation. Yet other than a brief mention of the standard of review for this type of challenge, Watts' brief omits any substantive discussion of the sentencing

8

challenge. As a result, we conclude that issue is abandoned. *State v. Arnett*, 307 Kan. 648, 650, 413 P.3d 787 (2018) (issues not briefed are considered waived or abandoned).

Affirmed.