NOT DESIGNATED FOR PUBLICATION

No. 123,375

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ROBERT LYNYRD HILL,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; JOSEPH L. MCCARVILLE III, judge. Opinion filed January 21, 2022. Affirmed.

*Regina M. Goff*, of Hutchinson, for appellant.

*Sierra M. Logan*, assistant district attorney, *Thomas Stanton*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before SCHROEDER, P.J., BRUNS and WARNER, JJ.

PER CURIAM: Robert Lynyrd Hill timely appeals the district court's denial of his motion to continue a probation revocation hearing and the revocation of his misdemeanor probation. Hill's brief misstates what happened involving his request to continue the revocation hearing. The district court granted Hill's request to continue his first revocation hearing. At the second probation revocation hearing, the district court was in the middle of bifurcating the hearing after the State presented its evidence, trying to find another hearing date for Hill to present his evidence, when Hill, through his attorney,

1

advised the district court he wanted to proceed to closing arguments and disposition. Thus, there was no longer a request to continue the revocation hearing.

The facts are well known to the parties and reflect multiple probation violations. At the conclusion of the hearing, the district court found Hill had violated the conditions of his probation and revoked it. Hill was ordered to serve the remaining portion of his underlying jail sentence of 6 months—143 days—upon completion of his sentences in three felony cases with the Kansas Department of Corrections.

Whether to grant a continuance is reviewed under an abuse of discretion standard. *State v. Beaman*, 295 Kan. 853, 863, 286 P.3d 876 (2012). The revocation of one's probation is also reviewed under an abuse of discretion standard. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). A district court abuses its discretion if its decision is based on an error of fact or law or is arbitrary, fanciful, or unreasonable. *State v. Frazier*, 311 Kan. 378, 381, 461 P.3d 43 (2020). Hill bears the burden of showing such abuse of discretion. See *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

The district court, upon finding Hill had violated his probation, had the statutory authority to revoke his probation. See K.S.A. 2017 Supp. 22-3716(b)(1)(B)(iii). Hill fails to show the district court abused its discretion by revoking his probation or in failing to grant a continuance for him to present evidence—a continuance he ultimately declined.

Affirmed under Rule 7.042(b)(2), (5), and (6) (2021 Kan. S. Ct. R. 49).