NOT DESIGNATED FOR PUBLICATION

No. 124,214

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MICHAEL E. KESSINGER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Harvey District Court; MARILYN M. WILDER, judge. Opinion filed February 25, 2022. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and (h).

Before GREEN, P.J., ATCHESON and HURST, JJ.

PER CURIAM: Michael E. Kessinger timely appeals the trial court's revocation of his probation. Kessinger pleaded no contest to possession of a controlled substance, in violation of K.S.A. 2017 Supp. 21-5706(a). The trial court sentenced Kessinger to 12 months' probation with an underlying prison sentence of 24 months. Later, Kessinger admitted to the following probation violations: (1) using methamphetamine, (2) failing to report as directed, (3) being unsuccessfully discharged from substance abuse treatment, and (4) committing the new crimes of fleeing and eluding a police officer, possession of marijuana, criminal damage to property, possession of stolen property, and aggravated assault with a deadly weapon. The trial court revoked Kessinger's probation, bypassing intermediate sanctions by invoking the new crime exception under K.S.A. 2018 Supp. 22-

1

3716(c)(8)(A). Kessinger contends that the trial court unreasonably revoked his probation. We disagree. As a result, we affirm.

Appellate courts review probation revocations under an abuse of discretion standard. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). A trial court abuses its discretion if its decision is based on an error of fact or law or is arbitrary, fanciful, or unreasonable. *State v. Frazier*, 311 Kan. 378, 381, 461 P.3d 43 (2020). Kessinger bears the burden of showing such abuse of discretion. See *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

Kessinger states that he had severe substance abuse issues which made it difficult to comply with the rules of probation. Nevertheless, he retained employment. Also, he had family support from his mother. For these reasons, Kessinger argues that the trial court's decision to revoke his probation was unreasonable. He argues that instead the trial court should have shown leniency and given him a second attempt at probation so that he could get proper treatment outside of prison. Kessinger's argument is unpersuasive because one of his probation violations was that he failed to attend treatment.

Kessinger here makes an appeal *ad misericordiam*, an appeal to pity, with his leniency argument. Nevertheless, because the questions under consideration in this appeal are factual issues—whether Kessinger violated a condition of his probation by (1) using methamphetamine, (2) failing to report as directed, (3) being unsuccessfully discharged from substance abuse treatment, or (4) committing the new crimes of fleeing and eluding a police officer, possession of marijuana, criminal damage to property, possession of stolen property, and aggravated assault with a deadly weapon—an appeal to pity is irrelevant because it simply deflects away from the facts.

Besides, pity is a bad argument for Kessinger because the objective facts here show that one of his probation violations was for failing his substance abuse treatment

program. Indeed, he admitted to this violation. Kessinger's discharge from a substance abuse treatment program while on probation would not rouse a reasonable person's feelings of pity in such a manner to agree to the truth of the proposition for which he is arguing: another chance at treatment.

Also, the trial court, upon finding that Kessinger had committed new crimes, had the statutory authority to revoke his probation without imposing intermediate sanctions. See K.S.A. 2018 Supp. 22-3716(c)(8)(A). Thus, Kessinger fails to show the trial court abused its discretion by revoking his probation.

For the preceding reasons, we affirm the trial court's decision under Supreme Court Rule 7.042(b)(2), (6) (2022 Kan. S. Ct. R. at 49).

Affirmed.