IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 117,456

STATE OF KANSAS,
*Appellee*,

v.

REGINALD FRAZIER,
*Appellant.*

SYLLABUS BY THE COURT

1.

When a defendant moves to withdraw a plea before sentencing and the district court denies the motion, the defendant must establish on appeal that the trial court abused its discretion in denying a presentence motion to withdraw plea.

2.

A defendant may withdraw a plea for "good cause shown" prior to sentencing. K.S.A. 2019 Supp. 22-3210(d)(1). In determining good cause, a district court should consider several factors, including whether the plea was fairly and understandingly made.

3.

A defendant does not understandingly sign a plea agreement when he relies on an uncertain provision that works in his favor and he justifiably believes that provision to be a certainty.

Review of the judgment of the Court of Appeals in an unpublished opinion filed May 25, 2018. Appeal from Geary District Court; RYAN W. ROSAUER, judge. Opinion filed April 17, 2020. Judgment of

the Court of Appeals affirming the district court is reversed. Judgment of the district court is reversed and the case is remanded with directions.

*Clayton J. Perkins*, of Kansas Capital Appellate Defender Office, argued the cause and was on the brief for appellant.

*Jason B. Oxford*, assistant county attorney, argued the cause, and *Tony Cruz*, assistant county attorney, and *Derek Schmidt*, attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

WILSON, J.: Reginald Frazier appeals the denial of his motion to withdraw plea of no contest to one count of possession of heroin with intent to distribute. The district court found the plea was fairly made and Frazier fully understood the consequences of his plea; thus there was no good cause for Frazier to withdraw his plea. A Court of Appeals panel affirmed the district court after it likewise found that there was no good cause for Frazier to withdraw his plea and consequently no abuse of discretion on the part of the district court.

Before us, Frazier again argues that the district court abused its discretion because there were misleading or false statements contained in the plea agreement and he demonstrated good cause to withdraw his plea.

For reasons more fully set out below, we reverse the judgment of the district court and the decision of the Court of Appeals and remand to the district court for further proceedings.

FACTUAL AND PROCEDURAL BACKGROUND

In August 2015 an officer with the Geary County Sheriff's Department stopped a car on I-70 for a license tag violation. Tracy Lee Gould was driving the car. Frazier was a passenger in the car and did not own the car. The two explained that they were on their way from Las Vegas to Ohio, but they gave differing versions of what they had done in Las Vegas. A canine unit arrived at the scene, and the dog alerted to the odor of drugs. A search of the car revealed two bundles of heroin weighing approximately 2.5 pounds, a pistol under the passenger-side floorboard, and $2,300 in cash in Gould's purse and $10,000 in cash on Frazier's person.

After the stop and search in Kansas, Ohio law enforcement searched Gould's house in Ohio and found significant quantities of drugs and money as well as personal items belonging to Frazier. Frazier denied living at that house.

The State of Kansas charged Frazier in this case with one count of possession of heroin with intent to distribute, one count of a drug tax stamp violation, one count of conspiracy with Gould to possess heroin with intent to distribute, one count of criminal transportation of drug proceeds, one count of possession of drug paraphernalia, and one count of criminal possession of a firearm.

Frazier eventually signed a plea agreement in which he stated he would enter a plea of no contest to one count of possession of heroin with intent to distribute. The State agreed that Frazier would have a criminal history score of E and would seek a downward durational departure to 96 months.

Significantly, the agreement also stated:

"Pursuant to this plea agreement the authorities in Ohio further agree to dismiss and/or not to file any charges resulting out of the search warrant that was obtained as a result of this arrest."

Gould, Frazier's codefendant, also entered into a plea agreement that contained a promise she would not be prosecuted in Ohio. Ohio authorities signed Gould's agreement. They did not sign Frazier's.

The district court filed a journal entry approving Frazier's plea agreement and accepting his nolo contendere plea.

Frazier later filed a pro se motion to withdraw his plea, which is not contained in the record on appeal. His appointed counsel filed a brief in support of the motion, and the district court deemed the brief to serve as a motion. The court conducted an evidentiary hearing relating to the motion.

Lora Ingels had been Frazier's court-appointed attorney through the plea hearing. In her testimony on Frazier's motion to withdraw plea, Ingels said she talked with the Kansas prosecutor. According to him, the Ohio authorities were satisfied that if Frazier served eight years in Kansas, they would not file charges against him in Ohio. Ingels did not speak directly to Ohio authorities, and the plea agreement is signed only by the Kansas prosecutor, Frazier, and Ingels.

To date, Ohio has not filed charges against Frazier.

Frazier testified that Ingels advised him he must take the plea deal if he wanted to avoid federal prosecution in Ohio. (The plea agreement itself is ambiguous as to whether it covers both state and federal prosecution in Ohio.)

The district court denied Frazier's motion, finding that he fully understood the plea agreement and that Ingels told him she did not speak directly with Ohio authorities. The court sentenced him to a downward-departure term of 96 months. Frazier took a timely appeal to the Court of Appeals. In a divided decision, the Court of Appeals affirmed the district court, with Judge Leben concurring. *State v. Frazier*, No. 117,456, 2018 WL 2375260 (Kan. App. 2018) (unpublished opinion). This court granted Frazier's petition for review.

DISCUSSION

Before sentencing, Frazier moved for leave to withdraw his plea of no contest based on misleading or false statements contained in the plea agreement. He contends on appeal that the district court abused its discretion when it denied his motion.

*Standard of Review*

When a defendant moves to withdraw a plea before sentencing and the district court denies the motion, the defendant must establish on appeal that the trial court abused its discretion in denying a presentence motion to withdraw plea. *State v. DeAnda*, 307 Kan. 500, 503, 411 P.3d 330 (2018); *State v. Schaal*, 305 Kan. 445, 449, 383 P.3d 1284 (2016) (court abused its discretion in basing its denial on factual findings unsupported by the record). A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018).

5

*Analysis*

A defendant may withdraw a plea for "good cause shown" prior to sentencing. K.S.A. 2019 Supp. 22-3210(d)(1). This is the hurdle that Frazier is required to meet. When determining whether a defendant has demonstrated good cause, a district court should consider at least three factors: (1) was the defendant represented by competent counsel; (2) was the defendant misled, coerced, mistreated, or unfairly taken advantage of; and (3) was the plea fairly and understandingly made? *State v. Aguilar*, 290 Kan. 506, 511, 231 P.3d 563 (2010); *State v. Edgar*, 281 Kan. 30, 36, 127 P.3d 986 (2006). However, it is important to note that courts "should not ignore other [non-*Edgar*] factors impacting a plea withdrawal that might exist in a particular case." *State v. Schaefer*, 305 Kan. 581, Syl. ¶ 2, 588, 385 P.3d 918 (2016).

In denying Frazier's motion to withdraw his plea, the district court explained:

"The Court believes that Mr. Frazier had a sufficient awareness of the relevant circumstances and likely consequences of what this Plea Agreement would be. If nothing else, because the Plea Agreement spells it out. But also because of the questioning that the Court would have done with Mr. Frazier that day. And also because it doesn't seem that Mr. Frazier has been unfairly surprised by any of [the] events that have occurred since exercising the Plea Agreement.

"You know, I guess we could think—sit here and hypothesize what some of those things might be in other worlds, but right now what Mr. Frazier is concerned about, is that Ohio is going to prosecute him down the road. And there's nothing to indicate that that's going to happen. *We've got a Plea Agreement that says it's not going to happen.* And that's sufficient—that concern is not sufficient for the Court to—to allow Mr. Frazier to back out of this Plea Agreement. . . .

"So I'm going to deny the defendant's motion; will proceed to sentencing." (Emphasis added.)

The Court of Appeals panel applied the three factors set out above and affirmed. In particular, the Court of Appeals emphasized that Frazier's plea was made knowingly: he was aware that his attorney had not spoken with Ohio authorities and they had not signed off on his plea agreement. *Frazier*, 2018 WL 2375260, at *3. The Court of Appeals concluded that Frazier was not misled or coerced about the possibility of being charged in Ohio. 2018 WL 2375260, at *3.

But there is a fundamental problem with the plea agreement that neither the majority nor the concurrence addresses, and it is critical. As the Court of Appeals noted, "The State of Ohio was not a party to the plea agreement and did not sign it." 2018 WL 2375260, at *3. Frazier entered into the agreement with the understanding that he would not face charges in Ohio, but he was relying on a promise of conduct that was not made by a party to the agreement.

Plea bargaining agreements are akin to civil contracts and, subject to due process concerns, may be analyzed in a similar fashion. This court has explained:

> "'[A] plea agreement is generally subject to contract principles' and, accordingly, the 'application of fundamental contract principles is generally the best means to fair enforcement of a plea agreement, as long as courts remain mindful that the constitutional implications of the plea bargaining process may require a different analysis in some circumstances.' *State v. Copes*, 290 Kan. 209, 217, 224 P.3d 571 (2010); see also *State v. Boley*, 279 Kan. 989, 992-93, 113 P.3d 248 (2005) (noting the same). Kansas courts have recognized that contracts, with the exception of at-will employment agreements, contain implied covenants of good faith and fair dealing. *Estate of Draper v. Bank of America*, 288 Kan. 510, Syl. ¶ 13, 205 P.3d 698 (2009). . . . Furthermore, '[t]he law implies that contractual provisions requiring the exercise of judgment or discretion will be honestly exercised and faithfully performed.' *Lessley v. Hardage*, 240 Kan. 72, Syl. ¶ 7, 727 P.2d

7

440 (1986). Thus, parties to a plea agreement must act fairly and in good faith in carrying out the promises they have made." *State v. Urista*, 296 Kan. 576, 583, 293 P.3d 738 (2013).

In the context of civil contracts, a contract generally binds only the parties that enter into the contract and is not enforceable against a third party that did not negotiate the contract, did not accept the terms of the contract, and did not receive any consideration for the contract. See *GFTLenexa, LLC v. City of Lenexa*, 310 Kan. 976, 986, 453 P.3d 304 (2019). This is a basic principle of contract law.

At oral argument, the State conceded two things. First, the defendant relied on the idea that his plea agreement was binding on Ohio authorities and, in making his decision, he believed that lack of prosecution was a certainty. Second, if the plea agreement is not binding on Ohio authorities, the defendant prevails on his motion to withdraw. If every party agrees that Frazier believed and relied on the idea of this agreement being absolutely binding on Ohio—and it may not be—it makes whatever communication Ingels had with Frazier regarding who spoke to whom less important.

From these principles it can be derived that Frazier, contrary to his understanding, signed an agreement containing an important clause that might be binding on no one. While we do not need to conduct the full analysis today, there is a fog of uncertainty regarding whether Ohio authorities have a legally enforceable duty to honor this Kansas plea agreement. It probably would have been possible to obtain signatures from Ohio prosecutors; his codefendant's plea agreement had such signatures. But even then, it is unclear which—if any—Ohio prosecutor would have had authority to guarantee Frazier's protection from state and/or federal prosecution in Ohio. While the district court and the Court of Appeals focused on the fact that Frazier's attorney informed him that she had not spoken with Ohio officials, they paid no heed to the fact that the prosecutor and his

8

attorney presented him with a contract that could be legally unenforceable against any prosecutor in Ohio.

This court has held that misinformation provided to a defendant, especially when that misinformation is memorialized in writing, constitutes grounds for withdrawal from the agreement.

> "'A criminal defendant's misinformation from counsel about the applicable law during plea negotiations—particularly when reinforced by the written plea agreement and by counsel's and the district judge's incorrect statements during the defendant's plea hearing—easily constitutes good cause to withdraw no contest pleas under K.S.A. 22-3602(a).'" *State v. Reu-El*, 306 Kan. 460, 474, 394 P.3d 884 (2017) (quoting *State v. Kenney*, 299 Kan. 389, 394, 323 P.3d 1288 [2014]).

Here, immunity from Ohio prosecution was most certainly a significant factor in Frazier's decision to enter into the plea agreement. The State plainly conceded that Frazier relied on the enforceability of the plea agreement. This reliance is further supported by Frazier's concern over the lack of an Ohio signature on his own plea agreement, once he realized an Ohio signature could be found on his codefendant's plea agreement. Intuitively, Frazier was worried his own agreement was not as good as Gould's, and he was right. A defendant does not understandingly sign a plea agreement when he relies on an uncertain provision that works in his favor and he justifiably believes that provision to be a certainty.

It is irrelevant that Frazier has not faced any charges in Ohio so far, or even whether Ohio will attempt prosecution and thus truly test the enforceability of the plea agreement. The question does not hinge on whether Frazier will actually get the deal represented in the plea agreement, but rather on his implicit belief that lack of prosecution was a certainty.

9

In this situation, "so far, so good" is not good enough. The particular circumstances of this case show that there is enough uncertainty to indicate Frazier's plea agreement was not understandingly made. The district court's decision in finding no good cause for Frazier to withdraw his plea was based on errors of fact and law, which are grounds for finding abuse of discretion. Accordingly, Frazier must be allowed to withdraw his plea.

CONCLUSION

We reverse the judgment of the district court and the decision of the Court of Appeals and remand this case to the district court for defendant Reginald Frazier to be permitted to withdraw his no contest plea.

JEFFREY GETTLER, District Judge, assigned.[1]

\* \* \*

BILES, J., concurs in the result.

---

[1]**REPORTER'S NOTE:** District Judge Gettler was appointed to hear case No. 117,456 under the authority vested in the Supreme Court by art. 3, § 6(f) of the Kansas Constitution to fill the vacancy on the court by the retirement of Chief Justice Lawton R. Nuss.