NOT DESIGNATED FOR PUBLICATION

No. 123,828

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

GRETTA ELAINE SMITH,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Opinion filed March 18, 2022. Affirmed.

*Kristen B. Patty*, of Wichita, for appellant.

*Kristafer R. Ailslieger*, deputy solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before HURST, P.J., GARDNER, J., and PATRICK D. MCANANY, S.J.

PER CURIAM: Gretta Elaine Smith was charged with a series of crimes related to making false claims for Medicaid benefits. She entered into a plea agreement under which she agreed to plead guilty to one count of Medicaid fraud in exchange for the State dismissing the remaining charges and agreeing to recommend probation. Smith pled guilty as agreed and the district court accepted her plea, found her guilty, and set the matter over for a sentencing hearing.

Prior to sentencing, Smith moved to withdraw her plea, claiming that her plea was not knowingly and understandingly made because she had requested discovery materials

1

from her defense counsel, which had not been provided prior to her plea hearing. The State filed its response challenging Smith's assertion that her plea was not knowingly and understandingly made.

The district court took up Smith's motion at her sentencing hearing. Smith did not present any evidence in support of her motion and did not advance any additional arguments. Instead, the parties advised the court that it could decide the matter on Smith's motion and the State's response without any testimony or oral argument.

After considering the matter, the court noted there is no requirement that defense counsel provide a client with all discovery material, and it was not clear what materials Smith believed she should have been given or how those materials would have affected her decision to enter her plea. The district court found that Smith had been represented by competent counsel; that she had not been mistreated, misled, unfairly taken advantage of, or coerced into entering her plea; and that her plea had been knowingly and understandingly made. Thus, Smith failed to demonstrate good cause to withdraw her plea and the court denied the motion.

The court then sentenced Smith, consistent with the plea agreement, to 16 months' imprisonment, suspended to 24 months' supervised probation, with 12 months' postrelease supervision.

Smith's appeal brings the matter to us. She claims on appeal that the district court abused its discretion in denying her motion to withdraw her plea.

It is Smith's burden to show that the district court abused its discretion in denying her motion. See *State v. Schow*, 287 Kan. 529, 541, 197 P.3d 825 (2008). A district court abuses its discretion if its decision is arbitrary, fanciful, or unreasonable or is based on an error of fact or law. *State v. Frazier*, 311 Kan. 378, 381, 461 P.3d 43 (2020). Because the

matter was resolved solely upon Smith's written motion and the State's response without any testimony or evidence that would call upon the district court to make a credibility determination, we consider the matter de novo. We are in just as good a position as the district court to consider and to analyze Smith's motion. Smith concedes the point when, in addressing the matter of issue preservation, she argues in her appellate brief: "Smith submits that she does not dispute the facts—her appeal is only a question of law."

Under K.S.A. 2020 Supp. 22-3210(d)(1), a guilty plea or plea of no contest may be withdrawn before sentencing "for good cause shown and within the discretion of the court." When determining whether a defendant has shown good cause, a district court should consider "whether '(1) the defendant was represented by competent counsel, (2) the defendant was misled, coerced, mistreated, or unfairly taken advantage of, and (3) the plea was fairly and understandingly made.' [Citations omitted.]" *State v. Edgar*, 281 Kan. 30, 36, 127 P.3d 986 (2006). This list of factors is not exclusive, and the court should consider other relevant factors that affect whether a defendant should be allowed to withdraw a plea before sentencing. *Frazier*, 311 Kan. at 381.

At Smith's February 11, 2020 plea hearing, the district court conducted an extensive colloquy with Smith regarding her understanding of the plea agreement she had reached with the State, her rights as a defendant, and the rights she was giving up by pleading guilty. When asked, Smith told the court under oath that she was satisfied with the services of her attorney. She expressed no concern about not being fully informed by her attorney about the case. She did not complain about not receiving personal copies of documents produced in discovery. The court found her plea was knowingly and voluntarily made.

Smith filed her motion to withdraw her plea on June 30, 2020. Her two-page motion states the following as her sole basis—and the entirety of her argument—for allowing her to withdraw her plea:

"Ms. Smith alleges she did not receive all her discovery from counsel in this case. Discovery would have enabled her to make a knowing and intelligent decision regarding the charges and disposition. This plea therefore resulted from a lack of understanding of the charge and should be withdrawn. *See State v. Taylor*, 266 Kan. 967, 976[, 975 P.2d 1196] (1999)."

Smith's motion consists of three sections.

- In section one, Smith simply recites the provisions of K.S.A. 22-3210(a)(1)-(4) for acceptance of a guilty or nolo contendere plea; and the provisions of K.S.A. 22-3210(d)(1) for withdrawal of a plea before sentencing.
- In section two, Smith states her grounds for withdrawing her plea as recounted verbatim above.
- In section three, Smith simply states the conclusion, without supporting argument, that she has met her burden of showing of showing good cause to withdraw her plea.

On appeal, Smith concedes that the State is only obliged to provide defense counsel with copies of discovery, not the defendant personally. See *State v. Marks*, 297 Kan. 131, 149, 298 P.3d 1102 (2013). She does not contend that her counsel did not review and discuss all the discovery with her. And in her motion, she does not provide any authority that requires defense counsel to provide copies of discovery to her personally. Moreover, Smith failed to identify the discovery materials she had requested but did not receive. She also failed to explain how the requested discovery materials, had they been provided, might have affected her decision to plead guilty to the Medicaid fraud charge.

The State provided an extensive 11-page response. Among its various points, it noted that the court conducted a two-day preliminary hearing in the case that Smith attended. At that hearing the State presented its case "much as if it were a trial"—using all the relevant documents it planned on using at trial—so that Smith "was fully appraised of the evidence she would face at trial."

Smith's motion was insufficient to justify allowing her to withdraw her plea. While Smith makes the conclusory statement—without any supporting argument—that she has met her burden, she has failed to show good cause to warrant a withdrawal of her plea. Smith has not told us what documents she requested that were not provided to her; how the requested documents were relevant to the State's claims or her possible defenses; or why she would not have decided to plead guilty but would have demanded to go to trial if she had known the information contained in the requested discovery documents.

Smith has failed to show that her guilty plea was unknowingly or involuntarily made. The district court did not abuse its discretion in denying Smith's motion to withdraw her plea.

Affirmed.