NOT DESIGNATED FOR PUBLICATION

No. 124,215

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ALEXANDER JORDAN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Butler District Court; CHARLES M. HART, judge. Opinion filed July 1, 2022. Affirmed.

*Korey A. Kaul*, of Kansas Appellate Defender Office, for appellant.

*Cheryl M. Pierce*, assistant county attorney, and *Derek Schmidt*, for appellee.

Before ISHERWOOD, P.J., SCHROEDER and WARNER, JJ.

PER CURIAM: Alexander Jordan appeals the district court's decision to revoke his probation and impose his underlying prison sentence. Jordan argues the district court's revocation was unreasonable and his underlying sentence of 30 months' imprisonment is not appropriate for de minimis probation violations. Finding no error or abuse of discretion by the district court, we affirm.

Jordan was adjudicated as a juvenile offender in February 2012 for the crime of aggravated indecent liberties with a child. Jordan was then required to register as a sex

1

offender pursuant to the Kansas Offender Registration Act (KORA), K.S.A. 22-4901 et seq.

In July 2020, Jordan pled guilty to one count of violating KORA under K.S.A. 2018 Supp. 22-4903(a) and K.S.A. 2018 Supp. 22-4905(g), a severity level 6 person felony, for acts committed in March 2019. In exchange for his plea, the State dismissed seven similar charges. The district court sentenced Jordan to 30 months' imprisonment and then granted him a dispositional departure to 24 months' probation with 24 months' postrelease supervision.

Probation did not go well. In December 2020, Jordan's intensive supervision officer (ISO) filed a request for revocation of community corrections assignment because of Jordan's failure to report as directed three times in October and November 2020. Jordan was also evicted and failed to update his ISO regarding his address. Jordan stipulated to the violations for failure to report. The district court ordered Jordan serve a three-day jail sanction and extended Jordan's probation for six months.

In April 2021, Jordan's ISO filed another request for revocation of community corrections assignment for failure to report as directed. At Jordan's next revocation hearing in July 2021, the State called Jordan's counselor from the Mirrors, Inc. reintegration program to testify. The counselor explained the program allows patients to obtain employment, work during the day, and return to the facility in the evenings where the patients attend counseling. Jordan enrolled at Mirrors on March 29, 2021, obtained a job the next day, and began working on March 31, 2021. Jordan's counselor testified Jordan returned to the facility after his first day of work and appeared under the influence. Jordan admitted to using fentanyl and later started hallucinating. He was transported to the emergency room and was unsuccessfully discharged from the Mirrors program.

Jordan's ISO also testified at Jordan's revocation hearing, explaining Jordan was fully aware the use of illegal drugs would be considered a probation violation. Jordan's ISO testified Jordan failed to report on April 5, 2021, as directed. Jordan called his ISO the next day, explaining he failed to report because he was allegedly arrested for trespassing. Jordan's ISO ultimately recommended the district court revoke probation for noncompliance as Jordan had a previous probation violation which resulted in a three-day jail sanction.

Jordan testified at the hearing, claiming his Mirrors counselor forced him to admit he used fentanyl. Jordan also testified, contrary to his Mirrors counselor, he provided two negative urinalysis drug tests. Jordan alleged other patients in the Mirrors facility had a vendetta against him and started rumors of his drug use. The district court found Jordan's testimony less credible than his Mirrors counselor. The district court revoked Jordan's probation and ordered him to serve his underlying prison sentence.

Jordan acknowledges the district court could revoke his probation without first imposing intermediate sanctions because the sentencing court granted a dispositional departure to probation. See K.S.A. 2018 Supp. 22-3716(c)(9)(B). But Jordan contends his probation violations were trivial and it would have been more reasonable for the district court to order a sanction instead of revocation.

Once the district court has determined the defendant has violated the terms of probation, the decision to revoke probation lies in the discretion of the district court. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). A district court abuses its discretion if its decision is based on an error of fact or law or is arbitrary, fanciful, or unreasonable. *State v. Frazier*, 311 Kan. 378, 381, 461 P.3d 43 (2020). Jordan bears the burden of establishing such abuse of discretion. See *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

Jordan identifies no error of fact or law underlying the district court's decision. Among other things, Jordan was required to report to his ISO as directed and was prohibited from illegally possessing, using, or trafficking any controlled substances, narcotics, or other drugs. Jordan failed to report to his ISO as directed because he was arrested for a misdemeanor. Jordan also admitted to his Mirrors counselor he had used fentanyl—a prohibited substance. The district court revoked Jordan's probation, noting his testimony carried less weight and credibility than his Mirrors counselor. Jordan has failed to establish the district court's decision to revoke his probation was arbitrary, fanciful, or unreasonable. The district court correctly exercised its statutory authority and sound discretion to revoke Jordan's probation.

Affirmed.