NOT DESIGNATED FOR PUBLICATION

No. 124,663

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KENNETH DALE ALTUM,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno Court; JOSEPH L. MCCARVILLE III, judge. Opinion filed November 4, 2022. Affirmed.

*Nicholas L. Oswald*, of Hutchinson, for appellant.

*Brian Koch*, assistant district attorney, *Thomas Stanton*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before SCHROEDER, P.J., MALONE, J., and TIMOTHY G. LAHEY, S.J.

PER CURIAM: Kenneth Dale Altum contends the district court abused its discretion when it denied his motion to withdraw his plea. Altum pleaded no contest to seven charges arising from two consolidated cases. We find no abuse of discretion by the district court and affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Altum faced two separate drug-related cases in Reno County. In case No. 2019-CR-490, he was charged with two criminal offenses—one count of possession of

1

methamphetamine and one count of use or possession with intent to use drug paraphernalia. The State later amended the complaint to add one count of possession of marijuana. In the second case, No. 2019-CR-898, Altum was charged with four offenses—two counts of possession of methamphetamine with intent to sell and two counts of unlawful distribution of a controlled substance using a communication device. At the plea hearing, Altum entered a plea of no contest to the seven charges. Before sentencing, he obtained new counsel and filed a motion to withdraw his plea.

*The Plea Hearing*

The parties did not reduce their plea agreement to writing, but the prosecutor outlined the plea agreement at the outset of the plea hearing. She stated:

> "The State is going to file an amended complaint in case 2019 CR 898 including the charges from 2019 CR 490. Mr. Altum will plead guilty as charged to that amended complaint. At sentencing the parties will jointly recommend the standard mid range number on each felony and that all counts run concurrently. The State will not oppose a motion to depart to Corrections. He's waiving his right to appeal the convictions and any lawful sentence imposed, agreeing to remain law abiding between today and sentencing and agreeing not to request a reduction in sentence if probation is later revoked and the sentence executed."

The following exchange then occurred:

> "THE COURT: Okay. The amended complaint is in 490, right?
> "MS. CRANE: Yes, Your Honor, consolidate into 490.
> "THE COURT: So 490 will have Count One possession of meth?
> "MS. ESAU: Yes.
> "THE COURT: Count Two possession of drug use paraphernalia, Count Three possession of marijuana and then 898 is going to be dismissed, so Miss Crane, did she correctly state the agreement?
> "MS. CRANE: Yes, Your Honor.

2

"THE COURT: Mr. Altum, did you hear the attorneys explain the agreement to me?

"A. Yes, Your Honor.

"THE COURT: Did you hear what the attorneys told me?

"A. Yes, sir.

"THE COURT: Yes? Is that the correct agreement?

"A. The agreement that was discussed was that it would be a plea of no contest."

Thereafter, the district court reviewed the three charges and possible penalties in 2019-CR-490 and explained to Altum his right to have a preliminary hearing and formal arraignment. Altum then waived his right to a preliminary hearing and formal arraignment on the three charges from 2019-CR-490. At that point, the transcript reflects Altum's plea counsel directed the court it needed to include the counts from 2019-CR-898:

"MS. CRANE: Judge, Your Honor, I'm sorry. I don't mean to interrupt you but the charges from the other case are all consolidated into those.

"THE COURT: They're all consolidated?

"MS. CRANE: Yes, so we need to go over those charges in the other case."

The district court then identified each of the charges and possible penalties in 2019-CR-898 and identified them as counts 4, 5, 6 and 7. Mr. Altum stated he understood each charge and penalty. After finding Altum was waiving formal arraignment, the district court started the plea colloquy by stating, "Now I'm going to explain the three pleas you can enter to these now seven charges and the rights associated with each plea."

After the district court finished its explanation of the defendant's rights, in response to questions from the judge, Altum said he understood his rights and was satisfied with the services of his attorney. Altum pled no contest to all seven charges. The State then provided a factual basis for all seven charges, and the district court accepted Altum's plea, found the defendant guilty, and scheduled a date for sentencing.

*Hearing on the Motion to Withdraw Plea*

In September 2021, before sentencing, Altum filed a motion to withdraw his plea. At the motion hearing, Altum testified that at the time of the plea, he believed he would be pleading no contest to possession of methamphetamine in case 2019-CR-490 and the distribution charges in case 2019-CR-898 would be dismissed. Altum said that when the judge reviewed all of the charges with him, including the distribution charges in 2019-CR-898, he privately told his plea counsel that the plea was not what he understood it was supposed to be. Altum testified:

> "At the point in time that the plea was entered they started to read over the statements in reference to what the actual charges were. I indicated in this courtroom to Miss Crane that that had not been what we had discussed. She indicated to me I had pled no contest and I didn't have the ability to speak up or say anything at that moment."

When cross-examined, Altum acknowledged that he corrected the prosecutor at the beginning of the plea hearing when she said Altum was going to plead "guilty" as part of the plea agreement. Altum said he remembered being at the plea hearing where the district court explained each charge and the potential sentencing ramifications to him; telling the district court he understood each of the charges; waiving his right to a preliminary hearing, as well as his jury trial rights; and telling the district court he had no complaints regarding the State's attorney, the district court, or his plea counsel. Altum testified he had complaints about his plea counsel but did not feel comfortable expressing those complaints when seated next to his plea counsel at the plea hearing.

The district court found no basis for allowing Altum to withdraw his plea and denied the motion.

4

Altum timely appeals.

ANALYSIS

*Did the district court abuse its discretion in denying Altum's presentence motion to withdraw plea?*

Altum contends good cause exists for the withdrawal of his plea based on: inconsistent statements or clarifications made by the State, Altum's plea counsel, and the court regarding the plea; that there was no written plea agreement; and that his plea counsel would not allow him to speak about his concerns about the plea. Finally, Altum contends the district court applied the wrong standard when evaluating his motion.

Generally, appellate courts review a district court's decision to deny a motion to withdraw a guilty or no-contest plea for an abuse of discretion. See *State v. Frazier*, 311 Kan. 378, 381, 461 P.3d 43 (2020). "A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact." 311 Kan. at 381. "The movant bears the burden to prove the district court erred in denying the motion." *State v. Hutto*, 313 Kan. 741, 745, 490 P.3d 43 (2021).

Prior to sentencing, a defendant may withdraw his or her plea for "good cause shown." K.S.A. 2021 Supp. 22-3210(d)(1). When determining whether a defendant has demonstrated good cause, district courts generally look to the following three factors from *State v. Edgar*, 281 Kan. 30, 36, 127 P.3d 986 (2006): (1) whether the defendant was represented by competent counsel; (2) whether the defendant was misled, coerced, mistreated, or unfairly taken advantage of; and (3) whether the plea was fairly and understandingly made. *Frazier*, 311 Kan. at 381. "However, it is important to note that courts 'should not ignore other [non-*Edgar*] factors impacting a plea withdrawal that

5

might exist in a particular case.'" *Frazier*, 311 Kan. at 381 (quoting *State v. Schaefer*, 305 Kan. 581, Syl. ¶ 2, 588, 385 P.3d 918 [2016]).

Altum filed his motion to withdraw plea prior to sentencing and has the burden to demonstrate good cause. Altum's claim is based on the third *Edgar* factor—whether the plea was fairly and understandingly made.

Altum is correct that there was some evident confusion and that clarifications were made more than once to and by the district court during the plea hearing. At the beginning of the hearing, the State indicated that it planned to "file an amended complaint in case 2019 CR 898 including the charges from 2019 CR 490," and "Altum [would] plead guilty as charged to that amended complaint." In fact, the amended complaint was to be filed in 2019-CR-490 rather than in 2019-CR-898. Nonetheless, the statement by the prosecutor clearly indicates the charges from both cases would be combined into a single case. Altum spoke up and corrected the prosecutor's recitation of the plea agreement and told the court "[t]he agreement that was discussed was that it would be a plea of no contest," and the State agreed with the correction. Altum did not otherwise object or correct the prosecutor's statement of the terms of the plea agreement.

After the district court addressed only the three charges in 2019-CR-490, Altum's plea counsel interjected and told the district court, "[T]he charges from the other case are all consolidated into those." The district court then explained the sentencing ramifications for the charges from 2019-CR-898, explained Altum's rights regarding different types of pleas, and asked Altum whether he understood those rights. Altum told the district court he understood and did not have any complaints about his plea counsel's representation, the State, or the district court.

While the transcript shows that clarifications were made during the plea hearing, it also shows the district court inquired as to whether Altum understood the clarifications.

6

Similarly, the transcript shows that the district court inquired whether Altum understood his rights, the potential sentencing ramifications for each charge, and that Altum was satisfied with plea counsel's representation. The district court also provided Altum the opportunity to ask questions or seek further clarification, but Altum did not ask any questions or seek clarification.

The same district judge presided over both the plea hearing and the hearing on Altum's motion to withdraw plea. Our Supreme Court has previously stated: "As a general rule, an appellate court will give deference to a district court's ability to personally observe the proceedings below and will not overturn a trial court's weighing of the evidence or assessment of the witnesses' credibility based upon a cold record." *Schaefer*, 305 Kan. 581, Syl. ¶ 7. Stated differently, the district court was familiar with Altum and was in a better position to assess his credibility than this court. Based on this familiarity, along with Altum's responses during the plea hearing, the district court believed Altum understood the plea agreement when he pled no contest. There is ample support in the record that Altum's plea was fairly and understandingly made, and we conclude the district court did not abuse its discretion by denying Altum's motion.

Altum next complains there was no written plea agreement at the plea hearing, which he alleges impaired his ability to understand the plea agreement. But K.S.A. 2021 Supp. 22-3210(a) does not require a written plea agreement. Instead, the statute requires that a defendant enter his or her plea in open court, that the district court inform the defendant of the consequences of the plea, that the district court address the defendant personally to determine whether the plea is made voluntarily, and that the district court is satisfied with the factual basis for the plea. K.S.A. 2021 Supp. 22-3210(a)(1)-(4). Here, the statutory requirements were met. While we observe that a written plea agreement is preferred so as to avoid any misunderstandings by the parties, nothing in the law requires the plea agreement be in writing. Here, the State's explanation at the plea hearing, paired

7

with the district court's further explanation and inquiries regarding Altum's understanding of the plea agreement, support a conclusion that Altum understood the plea agreement.

Altum claims his plea counsel advised him not to speak when he privately expressed concern to her during the plea hearing. This claim is inconsistent with Altum's statements to the district court that he was satisfied with his counsel's representation. And Altum affirmatively corrected the prosecutor's plea characterization but only concerning the fact it was a no-contest, rather than guilty, plea. Again, the district court was in the best position to assess Altum's credibility on these points, and it concluded Altum understood the terms of the plea. See *Schaefer*, 305 Kan. 581, Syl. ¶ 7.

Finally, Altum argues that the district court applied the wrong standard when evaluating the motion, contending the court utilized the "manifest injustice" rather than "good cause" standard. We find no merit in this contention. When a defendant seeks to withdraw his or her plea *after* sentencing, the manifest injustice standard applies. See K.S.A. 2021 Supp. 22-3210(d)(2) ("To correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw the plea."). "Factors a court generally considers in determining whether a defendant has shown the manifest injustice necessary to withdraw a plea after sentencing mirror those considered when reviewing for good cause to support a presentence motion." *Hutto*, 313 Kan. at 745.

As support for this claim, Altum points to a portion of the district court's ruling where the district court stated, "[S]o I was expecting maybe sometime somebody would come here with a psychiatric report to say Mr. Altum was not in his right mind when he entered his plea but there's nobody suggesting that he was not in his right mind." In context, the court's comment immediately followed the court recounting that it advised Altum there were seven charges, and Altum said he understood that, but Altum was now claiming he did not understand he was facing seven charges. The district court was

8

acknowledging that Altum's argument explicitly contradicted his statements during the plea hearing, and the district court's comment was apparently an example of something the district court was suggesting might explain the newly claimed lack of understanding. Although the comment by the court was unnecessary, we fail to see how it indicates the court was applying the wrong standard. The district court followed up by concluding, "There's no reason to believe that Mr. Altum couldn't or wouldn't have understood at the time of the plea what he was doing and he gave every indication he did."

In its ruling, the district court specifically stated it did not believe Altum demonstrated "a reason for or just cause" to allow him to withdraw his plea. Though the district court said "just cause" instead of "good cause," this is a distinction without a difference. The district court's ruling shows it evaluated Altum's claim that he did not understand the terms of the plea under the correct standard of review.

In sum, the district court did not apply the incorrect standard when evaluating Altum's claim and did not abuse its discretion when rendering its ruling.

Affirmed.

9