NOT DESIGNATED FOR PUBLICATION

No. 125,491

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

AXEL GERADO GOMEZ,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; WESLEY K. GRIFFIN, judge. Submitted without oral argument. Opinion filed March 28, 2025. Affirmed.

*Hope E. Faflick Reynolds*, of Kansas Appellate Defender Office, for appellant.

*Njeri Mwangi*, deputy district attorney, *Mark A. Dupree Sr.*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before ISHERWOOD, P.J., BRUNS and GARDNER, JJ.

PER CURIAM: Axel Gerado Gomez appeals the district court's denial of his presentence motion to withdraw his plea to two counts of indecent liberties with a child. On appeal, Gomez contends that the district court abused its discretion by applying an incorrect legal standard. However, based on our review of the record on appeal, we find his arguments to be unpersuasive. In particular, we find that Gomez made a voluntary and knowing decision to enter his plea after consulting with his counsel. And we also find that the district court adequately reviewed his rights at the plea hearing. Accordingly, we

1

conclude that the district court did not abuse its discretion by denying Gomez' presentence motion to withdraw his plea. Thus, we affirm.

FACTS

On April 7, 2020, the State charged Axel Gerado Gomez with two counts of aggravated indecent liberties with a child—both level 3 person felonies—for acts committed in July 2019. More than a year later, Gomez entered into a written plea agreement with the State. As a result of the agreement, he pled to two lesser charges of indecent liberties with a child—both level 5 person felonies. At a plea hearing held on November 4, 2021, the district court advised Gomez of his rights and inquired about the voluntariness of his desire to enter a plea.

The district court also reviewed the potential penalties that could be imposed. In addition, the district court pointed out that Gomez had been represented by Christopher Scott since February 2021 and that Scott had appeared at several hearings on his behalf. Gomez represented to the district court that he had talked to Scott about the case and was satisfied with his representation. Moreover, Gomez advised the district court that Scott had answered all his questions and that he had no additional questions.

Following the colloquy with Gomez, the district court accepted Gomez' plea finding that it was entered both knowingly and voluntarily. Nevertheless, Gomez sent the judge a letter—after the hearing—requesting to withdraw his plea. In response, the district court appointed Craig Lubow to represent Gomez. Lubow then filed a motion to withdraw plea in which he asserted that both Gomez' first attorney, Michael Duma, and his second attorney, Scott, provided him with ineffective assistance of counsel.

On February 14, 2022, the district court held an evidentiary hearing on the motion to withdraw Gomez' plea. At the hearing, Gomez testified on his own behalf. In addition,

2

both Duma and Scott testified regarding their representation of Gomez. At the conclusion of the evidentiary hearing, the district court granted Gomez' attorney leave to file a memorandum in support of the motion to withdraw a plea on his client's behalf. In his memorandum, Lubow asserted that Gomez had been given "bad legal advice to waive [the] preliminary hearing and/or to enter a plea knowing that defendant maintained his innocence throughout." He also asserted that both of Gomez' prior attorneys had failed to "adequately review all of the available discovery with [Gomez] prior to the waiver and/or plea" causing his client "to make decisions that were not knowingly and completely voluntarily made."

On April 12, 2022, the district court issued a comprehensive six-page single-spaced order denying Gomez' motion to withdraw his plea. In the order, the district court reviewed the evidence and the procedural history of Gomez' case. Likewise, the district court addressed each of the specific claims of ineffectiveness raised by Gomez in his motion. It also addressed each of the factors in *State v. Edgar*, 281 Kan. 30, 36, 127 P.3d 986 (2006), and concluded that Gomez had failed to establish good cause to withdraw his plea.

Thereafter, Gomez timely filed a notice of appeal.

ANALYSIS

The sole issue presented on appeal is whether the district court abused its discretion by applying the wrong legal standard when ruling on Gomez' presentence motion to withdraw plea. Gomez argues that the district court applied "a legal standard higher than simple lackluster performance to find [he] was represented by competent counsel." Gomez also appears to recognize that the district court appropriately applied the "'good cause'" standard for withdrawing a plea—as set forth in K.S.A. 22-3210(d)—as well as the *Edgar* factors. Even so, Gomez points to the fact that the district court also

mentions *Flynn v. State*, 281 Kan. 1154, 1165, 136 P.3d 909 (2006) and *State v. Griffin*, 279 Kan. 634, 649, 112 P.3d 862 (2005) in support of his suggestion that the wrong legal standard was applied.

In response, the State contends that the district court applied the appropriate standard in denying Gomez' motion. In particular, it argues that the district court reviewed each of Gomez' allegations of ineffectiveness and found that he had failed to establish good cause to withdraw his plea. The State further points us to the transcript of the evidentiary hearing. Here, Duma and Scott described how decisions made during their respective representation of Gomez were strategic when recommending that he waive his preliminary hearing and ultimately that he enter into the plea agreement.

We review a district court's decision to deny a presentence motion to withdraw plea for abuse of discretion. See *State v. Frazier*, 311 Kan. 378, 381, 461 P.3d 43 (2020). The movant—in this case Gomez—bears the burden of proving the district court abused its discretion in denying the motion. *State v. Hutto*, 313 Kan. 741, 745, 490 P.3d 43 (2021). A judicial action constitutes an abuse of discretion only if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Bilbrey*, 317 Kan. 57, 63, 523 P.3d 1078 (2023).

Under K.S.A. 22-3210(d)(1), a presentence plea may be withdrawn "for good cause shown and within the discretion of the court. . . ." To determine whether defendants have demonstrated good cause to withdraw their plea, three factors are to be considered: (1) whether the defendant was represented by competent counsel; (2) whether the defendant was misled, coerced, mistreated, or unfairly taken advantage of; and (3) whether the plea was fairly and understandingly made. *Frazier*, 311 Kan. at 381. But these factors are not "applied mechanically and to the exclusion of other factors." *State v. Fritz*, 299 Kan. 153, 154, 321 P.3d 763 (2014). Rather, these factors create "'viable benchmarks'" for determining whether a district court should exercise its discretion to

4

allow a defendant to withdraw a plea. *State v. Schaefer*, 305 Kan. 581, 588, 385 P.3d 918 (2016).

Determining whether counsel was competent does not require a showing that the attorney was unconstitutionally ineffective; rather, a showing of "'lackluster advocacy'" may—under the appropriate circumstances—suffice. *State v. Herring*, 312 Kan. 192, 198, 474 P.3d 285 (2020). Lackluster advocacy is defined as "'lacking energy or vitality; boring, [or] unimaginative.'" 312 Kan. at 201. But a district court need not expressly recite any particular words for the standard to apply. See *Bilbrey*, 317 Kan. at 66.

Based on our review of the record on appeal, we find that Gomez' argument is misplaced. From reading the thorough order denying the withdrawal of his plea, it is apparent that the district court did not apply the wrong legal standard, nor did it fail to adequately address Gomez' specific claims. In citing *Flynn*, 281 Kan. at 1165, and *Griffin*, 279 Kan. at 649, the district court was simply underscoring the role of professional judgment in an attorney's representation of a client. Certainly, as the district court found, "experienced attorneys may disagree on what is the best tactic or strategy. . . ." Consequently, we do not find that the district court's citation to these cases establishes that the district court applied the wrong legal standard under the circumstances presented in this case.

Furthermore, the fact that the district court did not expressly mention "lackluster advocacy" does not mean that it did not properly consider Gomez' claims that his prior attorneys were ineffective. And the district court was not required to make specific findings rejecting the claim that his attorneys provided lackluster advocacy. See *Bilbrey*, 317 Kan. at 66. Likewise, in addition to finding that both Duma and Scott provided competent representation to Gomez, the district court correctly pointed out in its order that "[n]either the pro se letter nor the formal motion by counsel raise any argument that

Gomez did not understand what occurred during the plea hearing" and simply because a generic "claim of innocence exists is insufficient to require the withdrawal of this plea."

In summary, we find that the district court appropriately applied the correct standards under K.S.A. 22-3210(d)(1) in considering Gomez' presentence motion to withdraw plea. We also find that the district court appropriately weighed the evidence presented at the motion hearing and reasonably concluded that Gomez was represented by competent counsel; that he was not misled or coerced into entering his plea; and that his plea was fairly and understandingly made. We, therefore, conclude that the district court did not abuse its discretion in denying Gomez' presentence motion to withdraw plea.

Affirmed.