NOT DESIGNATED FOR PUBLICATION

No. 127,928

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ANTHONY JOHN SJODAHL,
*Appellant*.

MEMORANDUM OPINION

Appeal from Dickinson District Court; BENJAMIN J. SEXTON, judge. Submitted without oral argument. Opinion filed October 24, 2025. Appeal dismissed.

*Sean P. Randall*, of Kansas Appellate Defender Office, for appellant.

*Natalie Chalmers*, principal assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before BRUNS, P.J., SCHROEDER and ISHERWOOD, JJ.

PER CURIAM: Anthony John Sjodahl pleaded guilty to a fourth conviction of distribution of methamphetamine and received a durational departure. The district court rejected Sjodahl's assertion that the same departure factors likewise warranted a dispositional departure. Sjodahl appeals and contends the district court's refusal to find that the factors justified a dual departure was arbitrary and unreasonable. The record reflects that Sjodahl validly waived his right to appeal as part of the terms of his plea agreement. Accordingly, his appeal is not properly before us and must be dismissed.

1

FACTUAL AND PROCEDURAL BACKGROUND

In February 2024, Sjodahl pleaded guilty to distribution or possession with the intent to distribute methamphetamine, in violation of K.S.A. 21-5705(a)(1) and (d)(3)(B). Due to three prior convictions for the same offense, Sjodahl faced presumptive imprisonment. As part of his plea agreement, Sjodahl waived "any and all" rights to appeal, including the right to challenge any "denial of a motion for dispositional and/or durational departure." In return, the State agreed to dismiss other charges and not file further charges.

At the plea hearing, the district court confirmed that Sjodahl read and understood all terms and conditions of the plea agreement, and verified that Sjodahl entered his plea freely, voluntarily, and without threat. Sjodahl responded affirmatively. The district court explained that it could impose the presumptive prison sentence or grant probation and confirmed that Sjodahl understood he could file a motion requesting probation. Sjodahl subsequently pursued both a downward dispositional and a durational departure and asked the district court to consider five factors in support of his request, including: (1) He accepted responsibility by pleading guilty; (2) he was 66 years old, suffered chronic stomach pain, and required the use of a cane to walk; (3) substance abuse treatment existed and he completed outpatient treatment in 2023; (4) his criminal history and the nonviolent nature of the offense; and (5) his family. Sjodahl asserted that a lengthy prison sentence may essentially amount to a life sentence.

At sentencing, Sjodahl informed the district court that he was maintaining his sobriety, did not hurt people, and would not hurt anyone. Sjodahl's counsel added, "He successfully completed probation, each time" and understood how repeatedly receiving probation could "cut both ways in that, from the Court's perspective, giving him probation again wouldn't teach him a lesson." The State refuted Sjodahl's claim that he hurt no one, noting that four convictions in five years for distribution of

methamphetamine contributed to societal repercussions from methamphetamine addiction. It further argued that Sjodahl's circumstances did not warrant a dispositional departure because he was not imprisoned for his prior convictions.

The district court granted a durational departure but declined to find that substantial and compelling reasons existed for a dispositional departure. Citing Sjodahl's age, health, family connections, and accountability as substantial and compelling reasons for the durational departure, the district court sentenced him to 59 months of imprisonment but reduced the term to 36 months with 36 months of postrelease supervision. With respect to the dispositional departure, the district court found that Sjodahl's criminal history outweighed the mitigating factors that failed to deter his repeat conviction.

Sjodahl now brings his case before this court for determination of whether the district court abused its discretion when it refused to grant his request for a dispositional departure.

LEGAL ANALYSIS

Sjodahl argues that the district court abused its discretion by denying his motion for a dispositional departure yet granting a durational departure. He contends it was unreasonable to conclude that the same factors, which justified a durational departure, did not also warrant a dispositional departure. Sjodahl does not challenge the validity of his plea agreement.

The State counters that (1) Sjodahl waived his right to appeal a denial of his departure motion and (2) even if Sjodahl may appeal, the district court's decision was reasonable given his criminal history and age. The terms of Sjodahl's plea agreement included a waiver of his right to appeal so it can properly be dismissed. Absent that valid

waiver we would nevertheless affirm as we are not persuaded that the district court's refusal to grant a dispositional departure was arbitrary and unreasonable in light of the facts and circumstances of Sjodahl's case.

The record before the court reflects that Sjodahl validly and unequivocally waived his right to appeal the denial of a departure motion. The Kansas Supreme Court has explained that "'application of fundamental contract principles is generally the best means to fair enforcement of a plea agreement, as long as courts remain mindful that the constitutional implications of the plea bargaining process may require a different analysis in some circumstances.'" *State v. Frazier*, 311 Kan. 378, 382, 461 P.3d 43 (2020). For example, the district court was required to—and did—personally ensure that Sjodahl understood the consequences of his guilty plea. See *State v. Bennett*, 318 Kan. 933, 936, 550 P.3d 315 (2024). This court may not reverse the district court's decision "*unless* a review of the entire record demonstrates that the plea was [not] knowingly and voluntarily made and otherwise accepted by the trial judge in compliance with [K.S.A. 22-3210]." 318 Kan. at 936.

The defendant in *Bennett* entered into a plea agreement in which he waived his right to appeal, among other things, "'the denial of a departure motion.'" 318 Kan. at 935. The defendant later sought an out-of-time appeal, to which the State argued that the waiver was valid. 318 Kan. at 933. The *Bennett* court enforced the plea agreement, explaining that (1) the defendant conferred with counsel about the plea agreement's terms, (2) the defendant stated that he signed and understood the agreement, and (3) the district court directly asked whether the defendant knew he was waiving his appellate rights. 318 Kan. at 935. The *Bennett* court found no ambiguity; the defendant was well informed of his rights and received the sentence anticipated in the plea agreement. 318 Kan. at 937.

Here, Sjodahl's plea agreement is enforceable because it was entered into knowingly and voluntarily. He pleaded guilty in exchange for fewer charges and, in so doing, waived the right to appeal the denial of a departure motion. As in *Bennett*, the record reflects that Sjodahl (1) discussed the plea agreement with his counsel, (2) read and signed the agreement, (3) understood all the terms and conditions, and (4) knew he was waiving all his appellate rights. The district court confirmed that Sjodahl understood that the maximum presumptive prison sentence could be imposed. Thus, Sjodahl's plea agreement bars his appeal, and it must be dismissed.

Appeal dismissed.