NOT DESIGNATED FOR PUBLICATION

Nos. 125,659
125,660
125,661

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LAWRENCE KEITH HILDEBRANDT JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Leavenworth District Court; GERALD R. KUCKELMAN, judge. Submitted without oral argument. Opinion filed January 26, 2024. Reversed and remanded with directions.

*Kai Tate Mann*, of Kansas Appellate Defender Office, for appellant.

*Natalie Chalmers*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., SCHROEDER and COBLE, JJ.

PER CURIAM: In three separate cases, Lawrence Keith Hildebrandt Jr. pled guilty to two violations of the Kansas Offender Registration Act (KORA), K.S.A. 22-4901 et seq., and one count of possession of methamphetamine. Hildebrandt moved to withdraw his pleas before sentencing, alleging that his counsel failed to communicate with him and failed to adequately inform him of a more favorable plea offer. Hildebrandt's counsel also moved to withdraw as counsel. The district court held a brief hearing before it imposed Hildebrandt's sentences, found that Hildebrandt's counsel did not have an apparent

1

conflict, and denied the motion to withdraw. The district court also denied Hildebrandt's motion to withdraw his pleas.

Hildebrandt raises two issues on appeal: (1) The district court abused its discretion by failing to hold a meaningful hearing with conflict-free counsel on his motion to withdraw plea, and (2) his sentencing violated the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. For the reasons articulated below, we find Hildebrandt was not provided with conflict-free counsel to present his motion to withdraw plea. We therefore reverse and remand for the district court to appoint conflict-free counsel on Hildebrandt's motion to withdraw plea. Because we reverse on the first issue, we decline to address Hildebrant's second issue, which he raises for the first time on appeal.

FACTS

The full facts pertaining to the underlying charges are not relevant to the issues on appeal. Between 2018 and 2020, Hildebrandt was charged with multiple crimes in five separate cases involving failure to register under KORA as well as a drug-related offense. In a global plea agreement, Hildebrandt agreed to plead guilty to one count of violation under KORA in two cases and one count of possession of methamphetamine in his third case. In exchange for Hildebrandt's pleas, the State agreed to dismiss all remaining counts in his third case, to dismiss two other cases, and not to file charges in another case under investigation. Before his sentencing hearing, Hildebrandt moved to withdraw his pleas, arguing he did not have the opportunity to meet with his counsel and was not properly informed of the ramifications of the plea agreement. The district court granted Hildebrandt's motion and ordered all charges previously dismissed pursuant to the plea agreement be reinstated.

2

Shortly after having new counsel appointed, Hildebrandt entered into a new plea agreement identical to the first plea agreement with one additional term reflecting the State would stand silent at sentencing. The district court accepted Hildebrandt's pleas and found him guilty of one count in each of the three cases.

Shortly thereafter, Hildebrandt again moved to withdraw his pleas before sentencing on the grounds his new counsel failed to inform him of a better plea offer of a guaranteed 97 months in prison compared to the current possible maximum of 126 months in prison. Hildebrandt's new counsel then moved to withdraw as counsel.

Both motions were addressed by the district court at Hildebrandt's sentencing hearing. The court first inquired into the motion to withdraw from Hildebrandt's new counsel, who claimed the allegation he failed to notify Hildebrandt of a more favorable plea was not accurate, but the fact Hildebrandt was accusing him of failing to communicate created a conflict of interest. Counsel claimed there was never in fact an offer for 97 months' imprisonment from the State. The 97 months only came up in the context of negotiating with the prosecutor. Counsel further explained that during his discussions with the prosecutor, he had conveyed Hildebrandt wanted somewhere around 43 months of prison time. The prosecutor asked if Hildebrandt would take an offer for 97 months; counsel replied Hildebrandt would not take 97 months and was asking for 43 months with all of the charges put in one complaint. Afterwards, counsel told Hildebrandt the State rejected the offer for 43 months but might be willing to come down to 97 months, and he would continue negotiating. Counsel clarified no formal offer had been presented by the prosecutor. The prosecutor confirmed that a 97-month sentence was not a formal offer.

In response, Hildebrandt told the court, "I understood it like it was, but I—I may have misunderstood it. In reading the email, I—I thought that it was, like, a 97-month offer that was not brought to me. I didn't understand it like a negotiation." The district

court denied counsel's motion to withdraw as counsel, finding no offer had been made and thus no conflict arose between counsel and Hildebrandt.

The district court then considered Hildebrandt's motion to withdraw plea. Counsel again voiced his concern to the court he could not proceed with representing Hildebrandt on the motion to withdraw plea because counsel was somewhat integral to the basis of Hildebrandt's motion. After finding there was no basis for Hildebrandt to withdraw his pleas under the factors set forth in *State v. Edgar*, 281 Kan. 30, 36, 127 P.3d 986 (2006), the district court denied Hildebrandt's motion to withdraw plea.

The district court proceeded to sentencing, found Hildebrandt's criminal history score to be A, and sentenced him to a total of 126 months' imprisonment—43 months in each of the first two cases and 40 months in the third case, with the sentences to be served consecutively.

ANALYSIS

*The District Court Erred by Not Providing Hildebrandt the Opportunity for a Meaningful Hearing with Conflict-Free Counsel*

Hildebrandt first argues the district court abused its discretion by denying his motion to withdraw plea without a meaningful hearing and adequate representation on the matter since counsel could not be a witness and counsel at the same time. The State partially concedes a remand is warranted because of the potential conflict between Hildebrandt and counsel but claims remand would be futile given the statements from counsel and the prosecutor reflected the plea offer Hildebrandt claimed existed did not, in fact, exist.

4

Generally, we review a district court's decision to deny a motion to withdraw a guilty or no-contest plea for an abuse of discretion. *State v. Frazier*, 311 Kan. 378, 381, 461 P.3d 43 (2020). "A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact." *State v. Levy*, 313 Kan. 232, 237, 485 P.3d 605 (2021). "The movant bears the burden to prove the district court erred in denying the motion." *State v. Hutto*, 313 Kan. 741, 745, 490 P.3d 43 (2021). But when, as here, a district court summarily denies a motion to withdraw a plea without argument and additional evidence, we exercise unlimited review because we have the same access to the motions, records, and files as the district court. *State v. Wilson*, 308 Kan. 516, 520, 421 P.3d 742 (2018).

"A plea of guilty or *nolo contendere*, for good cause shown and within the discretion of the court, may be withdrawn at any time before sentence is adjudged." K.S.A. 2022 Supp. 22-3210(d)(1). When determining whether a defendant has shown good cause to withdraw a plea, a district court generally looks to the following three factors from *Edgar*, 281 Kan. at 36: (1) whether the defendant was represented by competent counsel; (2) whether the defendant was misled, coerced, mistreated, or unfairly taken advantage of; and (3) whether the plea was fairly and understandingly made. *Frazier*, 311 Kan. at 381. These factors should not "be applied mechanically and to the exclusion of other factors." *State v. Fritz*, 299 Kan. 153, 154, 321 P.3d 763 (2014). These factors establish "'viable benchmarks'" for the district court when exercising its discretion, but the "'court should not ignore other factors that might exist in a particular case.'" *State v. Schaefer*, 305 Kan. 581, 588, 385 P.3d 918 (2016); see *Frazier*, 311 Kan. at 382 (applying contract principles to good-cause showing).

Hildebrandt first claims the district court abused its discretion because it failed to hold a meaningful hearing on his presentence motion to withdraw plea. More specifically, Hildebrandt argues his counsel could not properly represent him on his motion to

withdraw his pleas, leaving him without adequate counsel and representing himself, because of the apparent conflict he had with counsel.

Hildebrandt cites *State v. Taylor*, 266 Kan. 967, 975 P.3d 1196 (1999), in support of his argument the district court failed to hold a meaningful hearing on the presentence motion to withdraw plea. In *Taylor*, the district court refused Taylor's request for a continuance so he could obtain new defense counsel and summarily denied his motion to withdraw his plea. The *Taylor* court underscored the importance of holding a meaningful hearing on a presentence motion to withdraw plea and the defendant being represented by a conflict-free counsel, unless waived. 266 Kan. at 977. The *Taylor* court held that the district court abused its discretion by failing to hold a meaningful hearing on Taylor's motion to withdraw his guilty plea. The court also held Taylor was not given a "meaningful opportunity to show 'good cause'" because he was without assistance of conflict-free counsel. 266 Kan. at 977.

Hildebrandt's position is similar to *Taylor*. Here, counsel represented Hildebrandt on his motion to withdraw plea but was not conflict-free counsel. Hildebrandt in essence was on his own, and no meaningful hearing with conflict-free counsel occurred for the district court to consider the merits of Hildebrandt's motion. We reverse and remand for the appointment of conflict-free counsel to represent Hildebrandt on his motion to withdraw plea.

With this resolution of Hildebrandt's first issue on appeal, we decline to address his second issue.

Reversed and remanded with directions.