NOT DESIGNATED FOR PUBLICATION

No. 125,897

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ROGER ORAL SMITH,
*Appellant*.

MEMORANDUM OPINION

Appeal from Butler District Court; JANETTE L. SATTERFIELD, judge. Submitted without oral argument. Opinion filed April 26, 2024. Affirmed.

*Korey A. Kaul*, of Kansas Appellate Defender Office, for appellant.

*Cheryl M. Pierce*, assistant county attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before HILL, P.J., SCHROEDER, J., and MARY E. CHRISTOPHER, S.J.

PER CURIAM: Roger Oral Smith appeals the denial of his motion to withdraw his plea. At the hearing on his motion, Smith and his trial attorney provided contrasting testimony concerning their discussions of the evidence and potential defenses. The district court determined Smith was represented by competent counsel; he was not misled, coerced, mistreated, or unfairly taken advantage of; and the plea was fairly and understandably made. Finding no abuse of discretion by the district court, we affirm.

In 2016, the Andover Police Department received a call about a possible suicide at an apartment complex. Inside the apartment, officers found Sandra Berry lying on the

1

bed, her neck cut. Officers found Smith—who lived with Berry—in a nearby apartment. Smith had a cut on his hand and smelled of alcohol. Smith explained that Berry came home and began arguing with him, accusing him of seeing another woman. Berry took a kitchen knife and tried to cut Smith, injuring his hand. She then turned the knife on herself. Berry died from the injury. A toxicology report showed she had been drinking.

The State charged Smith with murder in the second degree, a level 1 person felony. The district court held a preliminary hearing at which seven witnesses testified. The court found probable cause to bind Smith over for trial.

Smith and the State reached a plea agreement in which he agreed to plead guilty to the lesser charge of voluntary manslaughter, a level 3 person felony. The presumptive sentencing range was between 206 and 228 months' imprisonment. The parties agreed to recommend a downward durational departure to 186 months in prison. Smith signed an acknowledgement of rights and plea agreement.

At the plea hearing, the district court engaged in a lengthy discussion with Smith concerning the legal consequences of his plea and the rights he would be waiving by pleading guilty. The court informed Smith he had an absolute right to a jury trial. The court informed Smith he was waiving his right to appeal by entering a plea. Smith acknowledged he understood those rights. Smith stated he was satisfied with his attorney's representation. Smith pleaded guilty and stated, "I killed Sandra Berry" after a sudden quarrel or in the heat of passion. The court accepted his plea stating,

> "Mr. Smith, . . . you've been in my presence a number of times. In my experience with you, I believe that you are alert, you are intelligent, you understand the nature and consequence of entering this plea today. You understand your rights. You understand the rights that you are giving up. There is a factual basis for your plea. And I do accept your plea of guilty."

2

Prior to sentencing, Smith filed a pro se motion to withdraw his plea, citing a conflict of interest with his attorney, Steven Wagle. At the motion hearing, Wagle observed that Smith likely had not shown good cause to withdraw his plea. The district court denied the motion and later sentenced Smith to 186 months in prison.

Smith appealed the decision to this court. He argued the district court erred by considering the merits of his motion without appointing new conflict-free counsel to represent him. A panel of this court agreed and reversed and remanded the decision for a new motion hearing with different counsel. See *State v. Smith*, No. 122,285, 2021 WL 2748205 (Kan. App. 2021) (unpublished opinion).

The district court appointed new counsel for Smith. That attorney filed an addendum to Smith's motion to withdraw his plea.

At the motion hearing, Smith—through his new counsel—argued he did not have the information necessary to knowingly enter the plea because he was not represented by competent counsel. Wagle did not explain certain defenses, did not share certain evidence, and did not explain that Smith's motion to dismiss would become moot if he pleaded guilty. Smith was misled and coerced into taking a plea agreement where he lacked basic information about his plea, potential defenses, evidence, and the effect on the motions that had been filed. He took the plea because Wagle told him he did not think he could win at trial.

Wagle testified he had been an attorney for 36 years. He had tried close to 125 trials, 10 to 15 of those being murder trials. He discussed potential defenses with Smith. Self-defense would not have been a defense at trial because Smith was adamant that Berry cut her own throat. Wagle discussed a voluntary intoxication defense with Smith. He made Smith a copy of the PIK instruction on voluntary intoxication. He advised Smith it would be a weak defense in front of a jury. Numerous times they discussed the

3

fact that Berry was intoxicated. He remembered Smith was wondering about the autopsy report because he was convinced she was "out of her mind, intoxicated." Wagle believed they could have used that evidence at trial. He and Smith discussed that there were several witnesses who could establish Berry was doing a lot of the yelling during the argument that preceded Berry's death. They discussed that Smith's fingerprints were on the knife because, by Smith's own statement, they were both handling the knife.

Wagle did not recall if he had given Smith copies of the written discovery. They did not discuss that all the pending motions would become moot after the plea was entered because, by entering the plea, Smith understood that he was going to be found guilty. Wagle went over the acknowledgement of rights document with Smith, filed pretrial motions, and otherwise prepared for trial. The plea came together close to the trial date. Smith thought about the plea offer for four or five days and even discussed it with his brother. Wagle and Smith discussed the plea agreement four or five times over four separate jail visits.

Smith testified he asked Wagle for discovery—all the evidence the State had against him—but never received it. It was like "asking a brick wall." He had to file his own motions because Wagle would not file motions for him. He did not understand why he was being charged with second-degree murder when he was not the attacker; he was fending for his own life. He discussed with Wagle that Berry was intoxicated, but "it went nowhere."

Smith testified his statement during the plea hearing that he and Berry had gotten into a sudden quarrel was a lie. Smith said he had to state that to take the plea. Wagle told him, "I don't know if it's possible that I can win this case for you. You know, and you're looking at a lot of time for 51. And if you want the plea, you're going to have to state that you and Ms. Berry had a sudden quarrel." He took the plea because Wagle did not believe he could win at trial.

Smith testified Wagle never told him that the motions he had filed would go away with the plea. He thought he could still argue his motion to dismiss on appeal. He would not have taken the plea if he knew those motions would become moot. He admitted that the district judge informed him he was waiving his right to appeal, but Smith clarified that Wagle didn't discuss it with him.

The district court denied the motion. The court found Smith was "pretty well versed" concerning the evidence that was going to be presented at trial. Smith had discussed his defenses with counsel and he had jury instructions. The court observed, "It really boiled down to a question of risk," and Smith bargained for a lesser sentence. In consultation with counsel, Smith made a decision that was knowing and voluntary and accepted a plea agreement that was to his advantage. He was under no duress. Counsel gave Smith "honest opinions" about the viability of his defenses and the risk of going to trial. The court found Wagle advocated with Smith's best interests in mind. The district court stated it had spent a lot of time with Smith at the plea hearing giving him a chance to ask questions and discussing his rights. The court recalled Smith stated he understood at the conclusion of the plea hearing he would be found guilty and would not be able to appeal his conviction. The court found Smith was represented by competent counsel; he was not misled, coerced, mistreated, or unfairly taken advantage of; and the plea was fairly and understandably made.

The court again sentenced Smith to 186 months in prison. Smith timely appeals.

ANALYSIS

On appeal, Smith contends he lacked the information necessary to make an informed decision whether to enter a plea because his attorney failed to give him the discovery he asked for and failed to investigate the intoxication level of Berry. His

5

attorney never informed him that the pro se motions he filed would become moot if he accepted the plea, including his motion to dismiss the charges. For these reasons, his attorney provided lackluster advocacy and his plea was not understandingly made. He was coerced because he faced going to trial with an attorney who told him he could not win.

Generally, appellate courts review a district court's decision to deny a motion to withdraw a guilty plea for an abuse of discretion. See *State v. Frazier*, 311 Kan. 378, 381, 461 P.3d 43 (2020) (presentencing motion to withdraw plea). The movant bears the burden to prove the district court erred in denying the motion. *State v. Hutto*, 313 Kan. 741, 745, 490 P.3d 43 (2021). A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Bilbrey*, 317 Kan. 57, 63, 523 P.3d 1078 (2023).

K.S.A. 22-3210(a) lists the requirements for entering a guilty or nolo contendere plea before or during trial. It embodies due process requirements and adds statutory conditions precedent to the acceptance of a plea. *State v. Edgar*, 281 Kan. 30, 37, 127 P.3d 986 (2006).

"A plea of guilty or *nolo contendere*, for good cause shown and within the discretion of the court, may be withdrawn at any time before sentence is adjudged." K.S.A. 22-3210(d)(1). When determining whether a defendant has demonstrated good cause to withdraw their plea, a district court generally looks to the following three factors from *Edgar*: (1) whether the defendant was represented by competent counsel; (2) whether the defendant was misled, coerced, mistreated, or unfairly taken advantage of; and (3) whether the plea was fairly and understandingly made. *Frazier*, 311 Kan. at 381. These factors should not "be applied mechanically and to the exclusion of other factors." *State v. Fritz*, 299 Kan. 153, 154, 321 P.3d 763 (2014). These factors establish "'viable benchmarks'" for the district court when exercising its discretion, but the "court should

6

not ignore other factors that might exist in a particular case." *State v. Schaefer*, 305 Kan. 581, 588, 385 P.3d 918 (2016).

In showing good cause to withdraw a plea, the defendant is not required to show his counsel was unconstitutionally ineffective; rather, the defendant may rely on "'lackluster advocacy'" to support good cause under the first *Edgar* factor. *State v. Herring*, 312 Kan. 192, 198, 474 P.3d 285 (2020).

1.   *Whether Smith was represented by competent counsel*

Although Wagle could not recall whether he gave Smith copies of the written discovery, the only evidence Smith specifically claims he lacked was the intoxication report of Berry. But Wagle testified that he on numerous occasions discussed with Smith the fact that Berry was intoxicated and that they could use that evidence at trial. Wagle also testified in detail concerning defenses he discussed with Smith. It is clear they had many discussions concerning the evidence.

Wagle admitted he did not specifically inform Smith that his motion to dismiss the charges would become moot if Smith accepted the plea. But Wagle explained that that discussion was unnecessary because Smith understood he was going to be found guilty by entering the plea. Wagle went over a detailed acknowledgement of rights form with Smith, which spelled out that Smith was waiving his right to trial and all accompanying rights, including the right to appeal.

In sum, Smith's claims on appeal do not establish even mere lackluster advocacy by Wagle. The district court did not err factually or legally. A reasonable person could agree with the court's decision that Smith had competent counsel.

2. *Whether Smith was misled, coerced, mistreated, or unfairly taken advantage of*

Smith characterizes Wagle's statement to him—"I don't know if it's possible that I can win this case for you"—as coercion. The district court characterized Wagle's advice as "honest opinions" about the viability of his defenses and the risk of going to trial.

The district court's decision was not unreasonable. Wagle testified he continued to prepare as if the case was going to trial. Smith had several days to think about the plea agreement. He was able to discuss the plea with his brother. He was informed and understood the risks of going to trial on the second-degree murder charge and chose a favorable plea bargain.

3. *Whether the plea was fairly and understandingly made*

Smith primarily argues he did not have the intoxication report on Berry and he did not understand he was waiving his motion to dismiss, which are addressed above.

The district court found Smith seemed to have a grasp of the evidence that was going to be presented at trial, potential defenses, and even had jury instructions. A review of the record shows that, in consultation with his attorney, Smith made a decision that was knowing and voluntary and to his advantage. The district court's decision was a fair reading of the testimony provided at the motion hearing and the rest of the record.

It cannot be said that no reasonable person would agree with the district court that Smith failed to show good cause to withdraw his plea.

Affirmed.