NOT DESIGNATED FOR PUBLICATION

No. 126,715

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SALLY MARIE HAMSA,
*Appellant*.

MEMORANDUM OPINION

Appeal from Leavenworth District Court; ROBERT J. BEDNAR, judge. Submitted without oral argument. Opinion filed October 4, 2024. Affirmed.

*Kristen B. Patty*, of Wichita, for appellant.

*Ethan C. Zipf-Sigler*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before WARNER, P.J., HILL and COBLE, JJ.

PER CURIAM: Sally Marie Hamsa appeals the denial of her motion to withdraw a plea of no contest to one count of domestic battery. Hamsa moved to withdraw her plea before sentencing. She alleges that her mental illness and other medical conditions prevented her from adequately understanding the consequences of making her plea. Hamsa failed to show the district court good cause to allow her to withdraw her plea. We thus find that the district court did not abuse its discretion by denying Hamsa's motion to withdraw her plea and affirm.

1

In May 2023, a Leavenworth police officer was dispatched to a domestic battery call that had described a victim who was struck by his wife—later identified as Hamsa. The officer was told that the aggressor was armed with lawn mower blades and the victim was waiting for an officer at the residence. The victim later claimed that Hamsa had physically struck him. After reviewing video of the incident, Officer Banks arrested Hamsa. Hamsa was charged with one count of domestic battery in violation of K.S.A. 21-5414(a)(1), a class B person misdemeanor.

Later, Hamsa appeared before the district court and said that she would be representing herself. She wanted to plead no contest to the one count of domestic battery. The district court then engaged in a plea colloquy advising Hamsa of her rights. During the colloquy, the court asked Hamsa a series of questions to determine whether she understood the scope of her plea. Those questions included whether she had represented herself before, whether she understood that the court was not a party to any plea agreements, and whether she understood that she was giving up her right to trial or the right to call and confront witnesses. After confirming Hamsa understood her rights—including the ones she was giving up—the court accepted her plea of no contest, confirming that the plea was freely and voluntarily made.

After her plea, the district court appointed counsel for Hamsa. Her new counsel then moved to withdraw the plea of no contest, contending that Hamsa did not understand what occurred in court when she entered her plea. The motion explained that she lacked the ability to understand the proceeding because of a brain tumor, a traumatic brain injury, and a PTSD diagnosis resulting from domestic abuse.

The district court took evidence on the motion. Hamsa testified that her diagnosed mental illnesses and medical issues prevented her from properly understanding what she was pleading to. She testified that she suffered from several conditions such as traumatic speech loss, PTSD, and a brain tumor in her frontal lobe that affected her memory.

2

Hamsa also testified that she suffered from depression, severe anxiety, panic attacks, and agoraphobia.

The State's cross-examination focused on the credibility of the facts introduced on direct. It included asking questions about whether evidence documenting Hamsa's conditions were provided to the court. Hamsa clarified that she only gave such documentation to her attorney. The State also questioned Hamsa about each condition and how they affected her ability to understand her surroundings. Hamsa maintained that each of her attested conditions affects her competency and ability to complete basic tasks.

In its ruling, the district court relied on the fact that Hamsa had represented herself on several prior occasions. Likewise, Hamsa did not provide the court any medical records supporting her alleged diagnoses. She stated that she could provide the medical records from her phone. Still, the district court repeatedly underscored that she did not provide supporting evidence, nor did she mention to the court that she had any diagnoses at prior hearings. Specifically, the court emphasized that "to this date, there has been no evidence presented to any of the claims the defendant is making." But, Hamsa maintained her arguments and asked the court to place her on unsupervised probation. The district court denied her motion to withdraw the plea and sentenced her to probation for one year.

Hamsa argues that the district court erred in denying her motion to withdraw her no-contest plea. Hamsa alleges that her plea was not fairly or understandingly made due to her mental health and medical issues. Thus, the district court abused its discretion by finding that Hamsa made her plea fairly or understandingly.

We review a district court's decision to deny a motion to withdraw a no-contest plea for abuse of discretion. *State v. Frazier*, 311 Kan. 378, 381, 461 P.3d 43 (2020) The movant then bears the burden of proving the district court erred in denying the motion.

3

*State v. Hutto*, 313 Kan. 741, 745, 490 P.3d 43 (2021). A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Bilbrey*, 317 Kan. 57, 63, 523 P.3d 1078 (2023).

*Well-established rules guide us.*

Under K.S.A. 22-3210(d)(1), a plea of guilty or nolo contendere "for good cause shown and within the discretion of the court, may be withdrawn at any time before a sentence is adjudged."  To determine whether a defendant has demonstrated good cause to withdraw their plea, a district court considers three factors: (1) whether the defendant was represented by competent counsel; (2) whether the defendant was misled, coerced, mistreated, or unfairly taken advantage of; and (3) whether the plea was fairly and understandingly made. *Frazier*, 311 Kan. at 381. But these factors are not "applied mechanically and to the exclusion of others." *State v. Fritz*, 299 Kan. 153, 154, 321 P.3d 763 (2014). The factors create viable benchmarks for the district court to use when exercising its discretion. *State v. Schaefer*, 305 Kan. 581, 588, 385 P.3d 918 (2016). Even so, the court should consider "other factors that might exist in a particular case." 305 Kan. at 588. Our analysis will follow the factors listed above.

*(1) Whether Hamsa was represented by competent counsel:*

Hamsa argues that because she pled without counsel, this factor is inherently satisfied. Indeed, Hamsa represented herself at the plea hearing, but we note that the district court investigated whether Hamsa understood the proceedings. Hamsa's discussion with the court highlighted that she understood that if sufficient evidence was present, her plea could cause the court to enter a finding of guilt. Hamsa told the court that she had represented herself on five other occasions. Later, Hamsa told the court that she did not understand the nature of these proceedings. That argument failed to persuade

the district court that good cause was met. This court cannot second guess that judgment. See *State v. Anderson*, 291 Kan. 849, 855, 249 P.3d 425 (2011).

*(2) Whether Hamsa was misled, coerced, mistreated, or unfairly abused:*

On appeal, Hamsa does not allege that she was misled, coerced, mistreated, or unfairly taken advantage of. An issue not briefed is deemed waived or abandoned. *State v. Davis*, 313 Kan. 244, 248, 485 P.3d 174 (2021).

*(3) Whether the plea was fairly and understandingly made:*

This is Hamsa's main point: She contends that her mental health conditions kept her from understandingly and fairly making her plea. Hamsa claims she would not have made her plea but for the mental health conditions affecting her judgment. Hamsa also alleges that her inability to use sound judgment rendered her incompetent to stand trial. It is Hamsa's position that the district court's finding that Hamsa fairly or understandingly made her plea was factually improper when Hamsa provided evidence that she did not understand the nature of the proceedings.

The State asserts that the district court determined that Hamsa's testimony regarding her mental health was unsupported with any medical documentation. Hamsa failed to provide medical records of her various conditions, and the court found her allegations lacking in credibility. It is the State's position that Hamsa's lack of medical evidence supports the district court's ruling.

The Kansas Supreme Court has stated that guilty pleas and their resulting waiver of rights must "be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." *State v. Edgar,* 281 Kan. 30, 36-37, 127 P.3d 986 (2006). "Voluntary" implicitly necessitates a defendant be

5

competent. *State v. Shoptease*, 283 Kan. 331, 341, 153 P.3d 1208 (2007). "A person is 'incompetent to stand trial' when such person is charged with a crime and, because of mental illness or defect is unable: (1) To understand the nature and purpose of the proceedings against him; or (2) to make or assist in making such person's defense." K.S.A. 22-3301(a)(1).

Some caselaw is helpful here. If an accused can understand the nature and object of the proceedings going on against him and can conduct his defense in a rational manner, then he is considered sane. *State v. Adams*, 311 Kan. 569, 576, 465 P.3d 176 (2020). This is true even though a part of his mind may be deranged or unsound. 311 Kan. at 576.

We must point out that a district court may assess the truthfulness of the witnesses' testimony along with their sincerity about one's mental fitness during a motion to withdraw a plea hearing. See *Schaefer*, 305 Kan. at 595-96. The court may then compare those observations to the plea hearing to justify whether to allow a defendant to withdraw a plea. See 305 Kan. at 595.

At the hearing for the motion to withdraw plea, Hamsa introduced testimonial evidence of multiple clinical diagnoses affecting her mental and medical conditions. Yet Hamsa did not provide any supporting documentation. As the State points out, when given a chance to present evidence about her conditions to the court, Hamsa only mentioned providing the documents to her new attorney. Likewise, Hamsa's testimony during the plea colloquy proves she understood all the rights she forfeited and the nature of the proceeding.

The district court also compared the motion hearing to the plea hearing and found that Hamsa's arguments that her plea was not understandingly and fairly made were unpersuasive. Hamsa failed to show an error of fact to satisfy the standard of good cause.

6

See *Bilbrey*, 317 Kan. at 63. As the Kansas Supreme Court has held, an appellate court does not reweigh evidence or assess witness credibility. *State v. Deanda*, 307 Kan. 500, 503, 411 P.3d 330 (2018). A reasonable person could agree that Hamsa adequately understood her rights and the nature of the proceedings.

Our review of the record leads us to hold that the district court's action was not arbitrary or fanciful. We also hold that under these circumstances, the court's actions were not unreasonable based on an error of law. In other words, we see no error of law or fact. Therefore, the district court did not abuse its discretion by denying Hamsa's motion.

Affirmed.