NOT DESIGNATED FOR PUBLICATION

No. 127,482

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ELIJAH MIGUEL HERNANDEZ,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; MICHAEL P. JOYCE, judge. Submitted without oral argument. Opinion filed December 12, 2025. Affirmed.

*Ryan J. Eddinger*, of Kansas Appellate Defender Office, for appellant.

*Shawn E. Minihan*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before CLINE, P.J., BRUNS and COBLE, JJ.

PER CURIAM: Elijah Miguel Hernandez appeals the district court's denial of his presentence motion to withdraw his guilty plea to two counts of aggravated indecent liberties with a child. After conducting an evidentiary hearing on the motion, the district court determined that Hernandez failed to establish good cause justifying the withdrawal of his plea. On appeal, Hernandez contends that the district court abused its discretion in making this determination. But based on our review of the record on appeal, we find that the district court appropriately exercised its discretion in denying Hernandez' motion to withdraw his plea. Thus, we affirm.

1

FACTS

The parties are familiar with the underlying facts. And because of the limited issue presented on appeal, they need not be repeated in detail here. After the State charged Hernandez with raping and committing aggravated indecent liberties with a child, the parties entered into a plea agreement. Among other things, Hernandez agreed to plead guilty to two counts of aggravated indecent liberties with a child, to register as a sex offender, and to serve postrelease supervision pursuant to the statute. In exchange, the State agreed to dismiss the rape charge as well as to recommend the district court impose a downward durational departure of 118 months in prison.

At the plea hearing, the district court conducted a colloquy with Hernandez before accepting his plea. During the colloquy, Hernandez indicated that he understood the charges to which he was pleading guilty to, the rights he was waiving, and the possible range of punishment between 38 to 172 months—based on his criminal history score—alongside a possible fine of up to $300,000. The State mentioned the "post-release period will be pursuant to the statute" during its recitation of the terms of the plea agreement, to which neither Hernandez nor his counsel made any objection.

Additionally, Hernandez indicated that he had reviewed and understood the terms of the plea agreement. He further clarified that he understood the district court was not required to follow the sentencing recommendations set forth in the agreement. After confirming that Hernandez' plea was voluntarily and knowingly made, the district court accepted his guilty plea, found him guilty of two counts of aggravated indecent liberties with a child, and dismissed the rape charge.

Prior to sentencing, Hernandez filed a motion to withdraw his plea. The motion alleged that he felt rushed and groggy on the day of the plea hearing. Likewise, he alleged that he did not fully understand the ramifications of the plea. The district court

subsequently held an evidentiary hearing on the motion at which both Hernandez and his former trial counsel testified. Significantly, the same district court judge who took Hernandez' plea also presided over the motion hearing.

Hernandez testified about the allegations in his motion. He explicitly stated that he did not understand that he would be required to serve lifetime postrelease supervision. His former attorney then testified about his representation of Hernandez, concerning the plea negotiations. He testified that Hernandez originally rejected the State's first offer. In fact, Hernandez made a counteroffer to the State. The attorney explained that his former client not only appeared to understand the nature and consequences of the plea agreement, but that he was also "enthusiastic" when agreeing to the State's final offer. Hernandez' former attorney also testified that he advised his client he could possibly face further jail time if he violated the terms of his postrelease supervision.

The district court then took judicial notice of the transcript of Hernandez' plea hearing. In finding that Hernandez had failed to establish good cause for withdrawing his plea, the district court explained:

> "Based on the evidence presented, even [with] Defendant's testimony, the Court does not find that he was rushed to a plea.

> "The Court finds that he was represented by competent counsel while negotiations took place over the course of the entire time. Which the Court will note Defendant was originally charged in 2019 and first appeared [on] October 11th of 2019.

> "The day of the plea in particular, not only was Mr. Hernandez participating with his attorney in discussions about a plea offer, he asked his attorney to provide a counteroffer which was one level 4 and serve the time. The . . . counteroffer from the State that was part of the plea was [Hernandez would] plead to two level 4's with a sentence being recommended of 118 months, which the Defendant accepted after another conversation with Mr. McCulloch.

"The [second] factor, Count 2, the Defendant suggests that he was unfairly taken advantage of because when Mr. McCulloch first came to him that morning[,] he [had] just woken up and he was groggy. But over the course of the discussions that day, and certainly when the plea was entered, [the] plea hearing started [at] approximately 2:45 in the afternoon.

"The Court certainly didn't make any observations, nor did any of the attorneys, nor did Mr. Hernandez make any comments at the time of the plea hearing that he was not feeling well or was groggy or was not understanding what was going on. The Court did not make any observations during the hearing that would suggest to the Court that Mr. Hernandez was not fully aware of what was happening that day.

"The suggestions that he was unfairly taken advantage of because he was groggy and had just woken up just is not supported by the evidence that's been presented today.

"The argument that Mr. McCulloch was not competent we represent again because he was rushed to a decision is not supported by the evidence today, and that there were multiple discussions that morning and again, Mr. Hernandez wanted and had asked for a counteroffer to be made, which then 20 to 30. . . minutes later Mr. McCulloch came back and Mr. Hernandez reported an enthusiastic agreement to accept the offer.

"The Court also does not find good cause to support a motion to set aside the plea with respect to Defendant not fully understanding what post-release supervision might entail.

"Having experience with the criminal justice system, Defendant certainly had understandings in the past of what parole was and how that might work. He testified to that effect today.

"So[,] for all those reasons, and I could go through the sequence of events all of my notes from [the] plea hearing, we. . .understood what he was entering a plea to, the total range of punishments, the total potential maximum fine. He also understood that the Court was not required to follow the plea agreement. The Court was allowed to sentence [] him anywhere that was provided within the law.

4

"It was clear in his mind[,] at the time of the hearing[,] that he knew what he was doing and [that] he entered the plea voluntarily and of his own free will. We went through the colloquy with respect to his rights and his discussions with this attorney. There's no question in the Court's mind that Mr. [Hernandez] was fully aware of what was happening during the plea hearing and there was certainly no grogginess with respect to the time of the plea. He understood what he was doing and he understood the offer.

"So[,] for all those reasons, the motion to withdraw the plea is denied."

At sentencing, the district court granted Hernandez a downward durational departure based on the parties agreement and his acceptance of responsibility. Accordingly, the district court sentenced Hernandez to the agreed upon 118 months in prison along with lifetime postrelease supervision.

Thereafter, Hernandez timely appeals.

ANALYSIS

The sole issue presented on appeal is whether Hernandez established good cause justifying the withdrawal of his plea. Although his argument has morphed from the filing of his original motion, he now argues that he "was not fully advised as to the actual term of post release supervision he would be sentenced to under the plea. . . ." In response, the State argues that the district court appropriately considered the evidence, determined the credibility of the witnesses, and appropriately exercised its discretion to deny the presentence motion to withdraw his plea.

We review a district court's decision denying a presentence motion to withdraw a plea for abuse of discretion. See *State v. Frazier*, 311 Kan. 378, 381, 461 P.3d 43 (2020). A judicial action constitutes an abuse of discretion only if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State*

*v. Bilbrey*, 317 Kan. 57, 63, 523 P.3d 1078 (2023). And the defendant bears the burden of proving the district court abused its discretion in denying the motion. *State v. Hutto*, 313 Kan. 741, 745, 490 P.3d 43 (2021).

Under K.S.A. 22-3210(d)(1), a guilty plea may be withdrawn "for good cause shown and within the discretion of the court . . . at any time before a sentence is adjudged." To determine whether defendants have demonstrated good cause to withdraw their plea, a district court considers three factors: (1) whether the defendant was represented by competent counsel; (2) whether the defendant was misled, coerced, mistreated, or unfairly taken advantage of; and (3) whether the plea was fairly and understandingly made. *Frazier*, 311 Kan. at 381. These factors are not "applied mechanically and to the exclusion of other factors." *State v. Fritz*, 299 Kan. 153, 154, 321 P.3d 763 (2014). Still, these factors are "viable benchmarks" for a district court to use when exercising its discretion. *State v. Schaefer*, 305 Kan. 581, 588, 385 P.3d 918 (2016).

Here, the district court found that Hernandez was represented by competent counsel at the time he entered his plea. Moreover, Hernandez does not allege on appeal that his counsel was incompetent. See *State v. Davis*, 313 Kan. 244, 248, 485 P.3d 174 (2021) (Issues not briefed are waived or abandoned). Consequently, we find that Hernandez was represented by competent counsel.

Likewise, the district court found that Hernandez "knew what he was doing and [that] he entered his plea voluntarily and of his own free will." It also found that Hernandez "was fully aware what was happening during the plea hearing and . . . understood the offer." Furthermore, Hernandez does not allege that he was misled, coerced, mistreated, or unfairly taken advantage of by his attorney, by the State, or by the district court, and thus these issues are likewise waived. See *Davis*, 313 Kan. at 248. Hence, we find that Hernandez was not misled or coerced into entering his plea.

6

No other allegations exist contending that Hernandez' plea agreement was unfair or that the State failed to abide by its terms. Rather, the record shows that Hernandez received the benefit of having a charge of rape dismissed, a separate case dismissed, and he received a downward durational departure from the presumptive sentence. Still, Hernandez moved to withdraw his plea because he allegedly felt rushed and groggy at the plea hearing. His appeal focuses on his alleged failure to understand the significance of lifetime postrelease supervision.

We find it significant that the same district court judge that presided over the plea hearing also presided over the evidentiary hearing on Hernandez' motion to withdraw his plea. As the parties are aware, it is the role of the district court—not this court—to assess the truthfulness of the witnesses' testimony and to weigh the evidence relevant to a defendant's motion to withdraw a plea. *Schaefer*, 305 Kan. at 595-96. The district court may also rely on its own observations of the defendant at the plea hearing to determine if good cause exists to justify a motion to withdraw a plea. 305 Kan. at 595.

It is undisputed that Hernandez was subject to lifetime postrelease supervision for committing the sexually violent crimes of aggravated indecent liberties with a child. See K.S.A 22-3717(d)(1)(G)(i); K.S.A. 22-3717(d)(5)(C). In addition, Hernandez' attorney testified that he discussed the ramifications of the statutory postrelease provision with his client. Additionally, Hernandez had the opportunity to ask his attorney or the district court—before entering his plea—if he had any questions about the requirements of postrelease supervision required by Kansas law. But he failed to take advantage of this opportunity.

A review of the record reveals that there is evidence to support the district court's finding that Hernandez understood the terms of the plea agreement. In fact, the evidence shows that not only did he participate in plea negotiations but he also was "enthusiastic" when agreeing to the State's final offer. The record further reflects that the provision for

7

statutory postrelease supervision was set forth in the written agreement and discussed at the plea hearing.

After hearing the evidence presented as well as relying on its own observations and notes from the plea hearing, the district court determined that Hernandez' allegations of not understanding his plea were unfounded. Specifically, the district court—after weighing the evidence and considering the credibility of the witnesses—found that Hernandez' assertions were unsupported. Additionally, the district court concluded that there was "no question . . . that [Hernandez] was fully aware of what was happening during the plea hearing[,] . . . [h]e understood what he was doing[,] and he understood the offer."

In conclusion, we find that the district court acted within its sound discretion to deny Hernandez' presentence motion to withdraw his plea. We also find that substantial competent evidence supports the district court's conclusion that Hernandez failed to show good cause to withdraw his guilty plea. Ultimately, Hernandez received the benefit of his bargain by entering into the plea agreement with the State which included lifetime postrelease as required by K.S.A 22-3717(d). Under these circumstances, we affirm the district court's denial of Hernandez' presentence motion to withdraw his plea.

Affirmed.